## DUFF *v.* STERLING PUMP COMPANY.

1. Reissued letters-patent No. 6673, granted to Mrs. P. Duff, E. A. Kitzmiller, and R. P. Duff, Oct. 5, 1875, for an "improvement in wash-boards," on the surrender of original letters-patent No. 111,585, granted to Westly Todd, as inventor, Feb. 7, 1871, are not infringed by a wash-board constructed in accordance with the description contained in letters-patent No. 171,568, granted to Aaron J. Hull, Dec. 28, 1875.
2. In view of prior inventions, the claims of the letters-patent granted to Todd must be limited to the form which he shows and describes, namely, projections bounded by crossing horizontal and vertical grooves. They do not cover diamond-shaped projections bounded by crossing diagonal grooves.
3. In the field of wash-boards made of sheet metal, with the surface broken into protuberances formed of the body of the metal so as to make a rasping surface, and to strengthen the metal by its shape, and to provide channels for the water to run off, Todd was not a pioneer. He merely devised a new form to accomplish those results; and his letters-patent do not cover a form which is a substantial departure from it.

APPEAL from the Circuit Court of the United States for the Northern District of Illinois.

The case is stated in the opinion of the court.

*Mr. L. L. Bond* for the appellants.

There was no counsel for the appellee.

MR. JUSTICE BLATCHFORD delivered the opinion of the court.

This is a suit in equity brought for the alleged infringement of reissued letters-patent No. 6673, granted to Mrs. P. Duff, E. A. Kitzmiller, and R. P. Duff, Oct. 5, 1875, for an "improvement in wash-boards," on the surrender of original letters-patent No. 111,585, granted to Westly Todd, as inventor, Feb. 7, 1871. The specification of the reissue says: "The nature of my invention consists in the construction of a sheet-metal wash-board with a rubbing face longitudinally and transversely corrugated or ribbed, whereby such rubbing surface shall be made up of a series of projections, bounded by a series of horizontal, vertical, and angularly shaped grooves. The rubbing face somewhat resembles the face of a rasp or file in general appearance, though the projections are less sharp and angular." "In the accompanying drawing A represents the frame of the

wash-board, and is of ordinary construction. The rubbing sur-
face is formed of sheet zinc or other suitable sheet metal,
corrugated or provided with a series of raised portions, B,
alternating, along the line of the corrugation or rib which
forms them, with depressions or unraised portions, a, the cor-
rugations and depressions extending in either direction across
the sheet, so that a series of horizontal and vertical and also
angularly shaped grooves are formed between the projections.
Each projection, B, represents four inclined surfaces sloping
from the apex of the projection into the grooves which surround
and bound it. The grooves between the corrugations are also
broken or interrupted at intervals by small projections or raised
portions, C, each of which presents two lateral surfaces. In a
wash-board thus longitudinally and transversely ribbed or cor-
rugated, the inequalities of the rubbing surfaces are such that
the desired effect is more readily and effectively attained,
whereby the labor of washing is greatly diminished and is
accomplished with ease and facility, and with less than the
usual wear on the clothes." There are three claims in the
patent, as follows: " 1. A sheet-metal wash-board having a
series of raised projections, B, each bounded by longitudinal
and transverse grooves or depressions, substantially as set
forth. 2. In a sheet-metal wash-board the projections, B, each
bounded by grooves or depressions, in combination with raised
projections, C, in the bottoms of the interlying grooves, sub-
stantially as set forth. 3. As a new article of manufacture, a
sheet-metal wash-board, having a rubbing face both longitudi-
nally and transversely ribbed or corrugated, substantially as
set forth."

The wash-board of the defendant is made in accordance with
the description contained in letters-patent No. 171,568, granted
Dec. 28, 1875, to Aaron J. Hull. That description shows a
sheet-metal wash-board provided with diamond-shaped projec-
tions, each bounded by diagonal grooves or depressions. The
metal plate is described as being crimped to form oblong dia-
mond-shaped projections, having the largest diameter running
transversely across the board, each projection being bounded
by a diagonal groove or depression, the upper corner of each
diamond, where the grooves cross each other, being raised

higher than any other part of the same, and the corresponding lower corner being the lowest part of the diamond. The claim of the patent is this: "A wash-board of sheet metal, formed with a series of raised diamond-shaped projections, B, and a series of narrow diagonal grooves, *b*, between the projections, which cross each other, substantially as set forth."

The case was heard on pleadings and proofs in the Circuit Court. That court entered a decree declaring that the equities were with the defendant and dismissing the bill.

It is entirely clear that the specification of the Todd patent describes the grooves in the metal as being horizontal and vertical, and gives no other meaning to the words "transverse" and "longitudinal." It describes the transverse and longitudinal corrugating or ribbing as producing projections which are bounded by horizontal and vertical grooves. From the evidence, Todd took the old zinc wash-board corrugated into horizontal grooves, and corrugated or ribbed it again by vertical grooves crossing the horizontal grooves at right angles. Nothing is said in the specification as to the method of producing the corrugating or ribbing, nor does the patent claim any process or machinery.

In the Galusha and Safford patent of December, 1857, there is shown a wash-board formed of corrugated sheet metal. The specification states that the corrugations are formed of a series of elevations and depressions, the elevations and depressions being in parallel rows and in alternate positions with respect to each other; that the corrugations are oblong, their ends and sides inclined, and their edges somewhat rounded; that each elevation forms a figure approximating to a semi-cylinder pointed at each end, the ends of the elevations in one row overlapping the ends of those in the adjoining rows; that thus channels are formed for the escape of water downward; and that the form of the corrugations stiffens the board, as compared with the old form of parallel flutes extending entirely across the plate.

In the Crihfield patent of October, 1870, there is shown a zinc wash-board, composed of a series of irregularly placed diamond-shaped raised pieces, arranged in rows crosswise of the board from top to bottom, each alternate row being composed of more elevations than the adjacent row, the elevations in one

row being opposite the spaces between the elevations in the two adjacent rows, and a series of oblique channels being thus formed up and down the board from either side. The specification states that the boards can be stamped out by die plates.

Nothing is shown in evidence to defeat the novelty of the claims of the Todd reissue, but, in view of the structures shown in the patents of Galusha and Safford and of Crihfield, the claims of the Todd reissue must be so limited as not to extend to a structure such as is described in the Hull patent. We do not perceive that in the wash-boards made by the defendant there is any substantial departure from the description in the Hull patent.

The case is one where, in view of the state of the art, the invention must be restricted to the form shown and described by the patentee. In the field of wash-boards made of sheet metal, with the surface broken into protuberances formed of the body of the metal, so as to make a rasping surface, and to strengthen the metal by its form, and to provide channels for the water to run off, Todd was not a pioneer. He merely devised a new form to accomplish these results. *Railway Company* v. *Sayles*, 97 U. S. 554. The defendant adopts another form. Under such circumstances the Todd patent cannot be extended so as to embrace the defendant's form. The latter is not a mere colorable departure from the form of Todd, but is a substantial departure. These views are in accordance with those heretofore announced by this court in *Merrill* v. *Yeomans*, 94 id. 568; *Keystone Bridge Co.* v. *Phœnix Iron Co.*, 95 id. 274; and *Burns* v. *Meyer*, 100 id. 671.

*Decree affirmed.*