DUFF and others *v.* ST. LOUIS WOODEN-WARE WORKS and others.[1]

*(Circuit Court, E. D. Missouri.   October 31, 1884.)*

PATENTS—LETTERS PATENT NO. 6,673 FOR IMPROVEMENT IN WASH-BOARDS.
     Reissued letters patent No. 6,673 granted to R. P. Duff for an improvement
     in wash-boards, *held*, not infringed by the manufacture of wash-boards made
     in accordance with the discription contained in letters patent No. 201,658
     granted to Charles Everts.

In Equity.

This is an action for infringement of reissued letters patent No.
6,673, granted October 5, 1875, for improvements in wash-boards to
the complainant as asignee of Westly Todd.   The original patent
bears date February 7, 1871.   The specifications of the reissue state
that the nature of the invention "consists in the construction of a
sheet-metal wash-board with a rubbing face longitudinally and trans-
versely corrugated or ribbed, whereby such rubbing surface shall be
made up of a series of projections, bounded by a series of horizontal,
vertical, and angularly shaped grooves.   The rubbing face somewhat
resembles the face of a rasp or file in general appearance, though
the projections are less sharp and angular."

There are three claims in the reissue which are as follows:

"(1) A sheet-metal wash-board, having a series of raised projections, B,
each bounded by longitudinal and transverse grooves or depressions, substan-
tially as set forth; (2) in a sheet-metal wash-board the projections, each
bounded by grooves or depressions, in combination with raised projections,
C, in the bottoms of the interlying grooves, substantially as set forth; (3)
as a new article of manufacture, a sheet-metal wash-board, having a rubbing
face longitudinally and transversely ribbed or corrugated, substantially as set
forth."

Complainants' boards are known in the trade as the "Globe," and
are so stamped.   Defendants' boards are known in the trade as the
"New Era," and the "Great Western," and are so stamped.   The
pattern of the Great Western is simply an enlargement of the pattern
of the New Era.   Defendants' boards are made in accordance with
the description contained in letters patent No. 201,658, dated March
26, 1878, granted to Charles Everts, one of the defendants, which de-
scription is as follows:

"The object of this invention is to furnish an improved wash-board, the zinc
rubbing plate of which shall be so formed as to give a great amount of fric-
tion to the clothes rubbed upon it, and at the same time shall be so formed
as not to injure the said clothes.

"The invention will first be described in connection with the drawing, and
then pointed out in the claim.   A represents the wooden frame of the wash-
board, which is constructed in the usual way.   B is the zinc plate, which is
secured to the frame, A, in the usual way.   The plate, B, has transverse ridges,
C, made with inclined sides formed across it, one of which sides may be made
with a steeper inclination than the other.   Upon the plate, B, and at right

---

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

angles with the ridges, C, are formed short ridges, D, one end of which ridges, D, meets the ridges, C, and their other ends stop at a little distance from the next ridge, C. The ridges, C, D, thus form series of rows of T-shaped ridges, the ends of the cross-bars of which meet and form a continuous ridge. In the spaces between and parallel with the short ridges, D, are formed depressions, E. The plate, E, may be attached to the frame, A, with the ridges, C, running across, or up and down, as may be desired."

The claim in this patent is as follows:

"A sheet-metal wash-board having transverse continuous ridges and intermediate longitudinal separated ridges, the lines of direction of said ridges being at right angles to each other, and between which ridges inclined rubbing surfaces and soap pockets are formed, substantially as shown and described."

*George H. Christy,* for complainants.

*G. A. Finkelnburg, Leo. Rassier,* and *Dexter Tiffany,* for defendants.

TREAT, J. It is not the purpose of the court to enter upon a minute description or analysis of the original patent or reissue; nor of the alleged anticipation thereof. The decision of the United States supreme court in *Duff* v. *Sterling Pump Co.* 107 U. S. 636, S. C. 2 Sup. Ct. Rep. 487, furnishes very little aid for the present inquiry. In that case it was held that the Todd patent was limited to the form of the longitudinal and transverse grooves with protuberances thereon, the said grooving being at right angles. That case seems not to have determined definitely whether the said Todd patent or its reissue was valid. It decided that the defendant's wash-board in that case was not an infringement of the Todd patent, even properly limited. The question of novelty and utility looking to the validity of the patent, and also the infringement alleged are before the court as if undecided by the supreme court, whether the said patent and its reissue could be upheld, considering the state of the act and prior patents, is more than doubtful. It must suffice, for the purpose of this case, that whether said Todd patent was valid or not, under a proper construction of its terms and the limitations thereof suggested by the United States supreme court, the defendant is guilty of no infringement.

Bill dismissed, with costs.