### GINNA et al. v. MERSEREAU MANUF'G CO.

(Circuit Court, D. New Jersey. July 3, 1895.)

PATENTS—CAN-MAKING MACHINES.

The Hipperling patent, No. 281,508, for an improvement in machines for manufacturing tin cans, and relating "particularly to a machine for double scaming the head and bottom of rectangular shaped cans," must, in view of the prior Atkinson patent, No. 279,853, be confined to the particular form of construction shown. *Held*, therefore, that the second and third claims are not infringed by a machine made in accordance with the Adriance patent, No. 472,284.

This was a bill by Stephen A. Ginna and Richard A. Donaldson against the Mersereau Manufacturing Company for alleged infringement of a patent relating to machines for manufacturing tin cans.

Rowland Cox, for complainants.
Edwin H. Brown, for defendant.

ACHESON, Circuit Judge. The bill charges the defendant with infringement of letters patent No. 281,508, dated July 17, 1883, issued to the complainants as assignees of the inventor, William Hipperling, upon an application filed May 23, 1883, for an improvement in machines for use in the manufacture of tin cans. The invention, the specification states, has relation "particularly to a machine for double seaming the head and bottom of rectangular shaped cans." The machine comprises a revolving table, adjustable vertically, by means of a treadle and a platen, to engage with the head of the can, seaming rollers, m and n, secured in a swinging block, k, which is pivotally mounted on a sliding carriage, f, and a cam, w, arranged on a vertical shaft, E, which is geared to rotate in unison with the shaft that carries the platen. When the can is in position between the revolving table and platen, the operator, by the movement of a cam, b', advances the revolving shaft, E, and cam, w, and thereby also the carriage, f, with its seam-forming rollers, towards the platen. One of the rollers is thus forced up against the metal flange, and as the can rotates this roller bends over the metal, and completes the first stage of the fold. Then the cam, b', is released, and by moving the swinging block, k, the other roller is brought into position to press the seam, and the cam, b', being again manipulated by the operator, the seam is flattened and finished. As the machine of Hipperling is organized, the operator has to keep his hand on the handle connected with the cam, b', so that he may accomplish the above-mentioned results gradually. Infringement of the second and third claims of the patent is alleged. Those claims are as follows:

(2) In a can-seaming machine, the revolving table and platen between which the can to be treated is held, the platen conforming in outline to that of the

can in cross section, in combination with a movable carriage, a revolving can whose edges agree with those of said platen, and which can is adapted to actuate the carriage, and a seaming device sustained by said carriage, and having grooves adapted by their separate contact with the can to complete the seam, substantially as set forth.

(3) In a can-seaming machine, the revolving table and platen between which the can to be treated is held, in combination with a movable carriage, a revolving can whose edges agree with those of said platen, and which can is adapted to actuate the carriage, a seaming device sustained by said carriage, and having grooves of suitable form to (by their separate contact with the can) complete the seam, and a pawl and ratchet mechanism whereby the separate grooves may be brought into position to engage the seam, substantially as set forth.

The defendant company is manufacturing under letters patent No. 472,284, dated April 5, 1892, granted to it as assignee of the inventor, Benjamin Adriance. In the defendant's machine there are two carriages, each in the form of a lever or swinging frame, and to each of these carriages is pivoted another lever, one of them carrying a forming roller and the other a locking roller, and these rollers are alternately and automatically put into operative relation with the metal flange by means of cams. Thus, cam 32 acts to move the forming roller to its working position, and, after the seam has been formed, a spring moves that roller away from the chuck, when immediately cam 33 acts to move the locking roller into operative position, and when its work is done another spring moves the locking roller away from the chuck, and to a position such as will permit the operator to remove the headed can and put in another piece of work. This machine is strictly automatic. The operator simply puts the can and its head or cap in place and starts the machine, and, without the exercise of any skill or judgment on his part, the whole work is done by the machine.

It is admitted that machines for double seaming round cans and for single seaming rectangular shaped cans were in common use before Hipperling's invention; and it is shown, also, that all the elements of the two above-quoted claims of the patent in suit were old in can-seaming machines. The complainants, however, assert that Hipperling was the first to devise and describe a successful machine adapted for the double seaming of cans of irregular shape in cross section. But the proofs, I think, fail the complainants here. It appears that on June 19, 1883, letters patent No. 279,853 were issued to Somers Bros., assignees of William H. Atkinson, the inventor, upon an application filed April 23, 1883, for improvements in machines for seaming irregular shaped cans. That patent contemplates the double seaming of rectangular cans, and describes a machine to accomplish that result. Now, this Atkinson patent was anterior to the patent in suit as respects both date of issue and date of application. Then, if we turn to the proofs touching the time of invention, the clear weight of evidence on the question of priority is found to be with Atkinson. There was, indeed, no denial of the priority of the Atkinson machine upon the argument of this case, the complainants' contention being that his machine was a failure. But to that proposition I am not able to assent. It is, I think, established that this Atkinson machine was not only practical in the sense that it would double seam rectangular cans, but that

it was successful, for manufacturing purposes, in a commercial sense. True, it was susceptible of improvement, and to that end Atkinson, in 1885, took out a second patent. The machine of this later patent gave better results, because it was automatic, and therefore was much more rapid in operation. This is all that can fairly be affirmed. A patient study of the case has brought me to the conclusion that if, after what had already been done in this art, the devising of a machine for double seaming rectangular cans involved invention at all, the merit of the achievement belongs to Atkinson, and not to Hipperling. The relation of Hipperling to the art of double seaming cans of rectangular shape was that of an improver only, and therefore he must be confined to his own form of construction. Railway Co. v. Sayles, 97 U. S. 554; Duff v. Pump Co., 107 U. S. 636, 2 Sup. Ct. 487; Caster Co. v. Spiegel, 133 U. S. 360, 10 Sup. Ct. 409; Wright v. Yuengling, 155 U. S. 47, 15 Sup. Ct. 1; Johnson Co. v. Steel Works, 5 C. C. A. 412, 56 Fed. 43. The differences between the complainants' machine and the machine of the defendant are not colorable, but substantial. In conformity, then, with the rule established by the above-cited cases, it must be held that the charge of infringement is not made out. Let a decree be drawn dismissing the bill of complaint, with costs.