## DAVIS v. PARKMAN.

## PARKMAN v. DAVIS.

### (Circuit Court of Appeals, First Circuit. October 25, 1895.)

### Nos. 119 and 120.

1. PATENTS—INTERPRETATION.
   A description in a specification of an increased curvature in the holding pin of a rowlock involves nothing of which the law can take notice, where no degree of curvature is specified.

2. SAME.
   The rule applied that claims must be construed closely, where they cover mere details of construction.

3. SAME—ROWLOCKS.
   The Davis patent, No. 209,960, for an improvement in rowlocks, construed, and *held* not infringed, as to the first claim, and invalid as to the second, third, and fourth claims. 45 Fed. 693, affirmed.

4. SAME—FOOTBOARD FOR ROWBOAT.
   Giving to the footboard of a rowboat an upward curvature of about 45 degrees in the part where the toes rest, though in itself apparently involving no invention, *held* to be patentable, upon evidence that it was at once widely adopted, taken in connection with the presumptions arising from the patent and the decision in its favor in the court below. Watson v. Stevens, 2 C. C. A. 500, 51 Fed. 757, applied.

5. APPEAL—APPORTIONMENT OF COSTS.
   Where the parties, for economical reasons, consolidate the records in two cases so as to render it impracticable for the appellate court to apportion between the two suits the expense of taking the proofs, it will

not attempt to do so, but will leave the matter to the circuit court, especially as questions of this character are ordinarily for the taxing master, and the records in the appellate courts are not ordinarily expected to contain all the considerations bearing upon the question.

Appeal from the Circuit Court of the United States for the District of Massachusetts.

This was a suit in equity by Michael F. Davis against Henry Parkman for alleged infringement of two patents, relating, respectively, to improvements in rowlocks and in footboards for boats. In the first suit the bill was dismissed, and in the second there was a decree for complainant in respect to one claim of the patent in issue. 45 Fed. 693. Appeals were taken by both parties, and the records were consolidated.

Joshua H. Millett and Ralph W. Foster, for appellant.

George W. Estabrook, for appellee.

Before PUTNAM, Circuit Judge, and NELSON and WEBB, District Judges.

PUTNAM, Circuit Judge. These are cross appeals. The first relates to claims 1, 2, 3, and 4 of complainant Davis' patent No. 209,960. The second relates to claim 2 of his patent No. 231,017. Each party appealed on the merits of the decree against him, and also the defendant below assigned as error a question of costs. At the bar it was stated that complainant Davis' assignment of error touching claim 3 of No. 209,960 was waived, so that we have to consider only, claims 1, 2, and 4.

Claims 1 and 2 relate to certain alleged improvements in rowlocks. As to these the complainant laid down the following proposition:

"In the Davis lock we have a finished lock, shaped only with a view to its function, and providing at every point for the best results, and making special provision for the accommodation of the buttoned oar; a lock universally adopted."

This contains a suggestion that we are here considering the Davis lock as a whole, which is misleading, and needs to be eliminated from the case. Davis made several improvements in rowlocks, some of which were represented by the lock of 1875, and by that called "No. 34." So far as the alleged improvements covered by the patent are concerned, the best case that can be stated for him is in his evidence, as follows:

"Int. Did you make any improvement or change in rowlock No. 34? If so, when? And, if you have such a rowlock, please produce it. Ans. Yes, sir; in the fall of 1876, and winter following. I herewith produce a rowlock."

The rowlock thus produced and offered in evidence was substantially the same as that described in the specifications in patent No. 209,960. Complainant further testified as follows:

"Int. Please compare this last-named exhibit with rowlock No. 34, and state the difference between them. Ans. This last lock (1876) has a compound curvature in its standard, while the standard of No. 34 has a simple curvature. The 1876 lock has an inset in its sill, while the sill of No. 34

rowlock has no such inset in its sill. This I believe to be the extent of the difference. Int. Is there not a difference in the outward curvature of the holding pins? If so, what? Ans. Yes, sir; the curvature of the holding pin of the 1876 is an important improvement on the one of No. 34, being outward for the purpose of holding the oar when stopping the boat. Int. Please to state whether the curvature is outward more or less in the 1876 lock than in No. 34. Ans. It is more outward in the 1876 lock."

It is thus plain that the entire advance as to rowlocks claimed by the complainant in the patent under discussion was the compound curvature in the standard, and the inset in the sill. So far as the curvature of the holding pin is concerned, it was simply more outward in the lock of the patent in question; and, as the specification in that patent does not undertake to describe any particular degree of curvature, it cannot be claimed that the increased curvature involved anything of which the law can take notice. Instead, therefore, of discussing the Davis lock as a whole, the only matters involving any alleged novelty are the compound curvature in the standard, instead of a simple curvature, and the inset in the sill. Keeping this fact in view, the claims are very narrow, even if they involve any invention whatever; and the words in the claims, "as herein described" and "as described," must be construed closely in a patent of this class. Duff v. Pump Co., 107 U. S. 636, 639, 2 Sup. Ct. 487, Bragg v. Fitch, 121 U. S. 478, 483, 7 Sup. Ct. 978, and Knapp v. Morss, 150 U. S. 221, 228, 14 Sup. Ct. 81, are apt illustrations of the proper construction of claims in patents for alleged inventions of this character. As to the first claim, the drawings show an outward curvature, in the ordinary sense of the word; that is, a curvature outward from the axis of the boat. We agree with the court below that this is the true construction of the claim, and that the respondent's device does not infringe.

With reference to the second claim, we agree with the observations of the court below, but desire to add that the claim is for an alleged combination which amounts in fact to what is commonly called an "aggregation." It may be true that if the lock, as a whole, could properly have been included in this patent, all its various parts might well be considered as combining to produce a joint result; but segregating from the rest of the lock, as this claim necessarily does, the upright and the inset in the sill, the two stand in no true relation to each other as parts of a combination. It is quite clear that the effective work of the inset is in connection with the arm shutting in the upper opening of the lock. This is emphasized by the testimony of complainant, Davis, who repeats the terms of the specification, and says, in substance, that the inset in the sill should be, in regard to depth, in inverse proportion to the offset of the arm, for the purpose of allowing the oar to assume the perpendicular position so necessary in turning a boat, and in relieving the strain on the arm. Except for the arm, or something accomplishing the same purpose, there would be, as claimed by the defendant below, no occasion for an inset. Therefore the introduction into the same claim of the upright and the inset in the sill, under the circumstances of this patent, fail, in any view of the case, to constitute a patentable combination.

With reference to claim 4, which relates to the outrigger, the conclusions of the circuit court, and the reasons given by it for them, are so unmistakably correct that we can add nothing to what was said by it.

With reference to claim 2 in patent No. 231,017, it is stated by complainant, Davis, that the peculiarity covered by it is the construction of the footboard, by which the portion where the toes rest turns or curves upward at an angle of about 45 degrees. It is testified by him that this curved form is employed in order to retain the foot in a position natural for springing, because, he says, in that way "it is ever ready for the exercise of the greatest power it possesses to resist the thrust of the oar." Except for this peculiarity, it is clear, the claim suggests nothing of a patentable character. In view of the fact that the turning up or curving of footrests, and of the like parts of the most common things, is so universal in all the ordinary departments of life, it seems hardly conceivable that there is anything in the application of it to a row-boat which could make it patentable. Yet there are the facts that various crude and unsatisfactory expedients had been used by many persons for the purpose of accomplishing what Davis accomplished by the simple expedient of turning up the footboard, that this occurred to none of them, and that after it had been suggested by him it came into general use. The basis of the claim seems feeble, and, if it had nothing in its behalf except what we can find as a matter of first impression, we might reject it. Yet the presumptions in its favor arising from the findings of the patent office and the circuit court, in connection with those coming from the facts we have stated, which bring some support to the case from the line of reasoning in Watson v. Stevens, 2 C. C. A. 500, 51 Fed. 757, 761, prevent us from reversing the decree below.

The question of costs relates to the apportionment of the expense of taking the proofs between two suits, including one where no appeal was taken. The parties saw fit, for economical reasons, which the court, of course, approves, to consolidate the records. This, however, renders it quite impracticable for any tribunal except the circuit court to determine in ordinary cases, with any accuracy, how the costs should be justly apportioned between the suits. Moreover, questions of this character are ordinarily for the taxing master, though subject to correction by the court of the first instance, and the records which go to the appellate courts are not ordinarily expected to contain all the considerations bearing on the disposition of such issues. Therefore those courts will not consider them, unless in very exceptional cases. This does not seem to be one of that class. In each case the order will be: The decree of the circuit court is affirmed, with costs.

(November 19, 1895.)

Before PUTNAM, Circuit Judge, and NELSON, District Judge.

PER CURIAM. At the hearing of this cause the court understood that the appellant waived his assignment of errors touching

claim 3 of his patent No. 209,960, but he has now filed a petition for a rehearing, claiming that the court was mistaken in this understanding. Both he and the appellee are, however, content to submit all questions as to claim 3 on the briefs already in, and the court will accordingly consider them. It is ordered that the judgment entered October 25, 1895, be, and the same is hereby, vacated.

(December 19, 1895.)

Before PUTNAM, Circuit Judge, and NELSON and WEBB, District Judges.

PER CURIAM. At the hearing of this case the court understood the appellant to waive claim 3 of patent No. 209,960. On being assured that we were mistaken about this, we ordered a reargument as to this claim. The parties thereupon submitted the matter on their briefs, which we have fully considered. The claim is as follows:

"(3) A rowlock, swinging or stationary, having the outwardly inclined arm, d', as and for the purposes set forth."

The specification explains this claim as follows:

"When the arm, d', is made vertical, the oar, when held in the perpendicular position above alluded to, required in turning the boat, is liable to slip up, and be caught and held upon the point alone. In such position it can be maintained only at the cost of great exertion of the oarsman, and strain upon the wrist. To obviate this difficulty, I turn the arm, d', outward at an angle of about forty-five degrees, * * * thus enabling the arm, d', to present a supporting surface to the whole back of the oar at nearly right angles with its length."

We are of opinion that this claim presents no patentable novelty. We think that any man of ordinary experience, on perceiving the liability of the oar to be caught, would at once understand that it could be overcome by deflecting the arm as proposed by the patent. The former decree having been vacated by the allowance of the petition for a rehearing, the decree of the circuit court is affirmed, with costs.