ACHESON, Circuit Judge.
This suit, under the amended bill, is founded exclusively upon letters patent No. 187,825, granted on February 27, 1877, to Alexandre De Beaumont for an improvement in heaters and feeders for steam boilers. In his specification the patentee states:
“The main object of my invention is to utilize the whole or a portion of the exhaust steam of a steam engine, by forcing it into a boiler with a supply of water, in the manner described hereafter.”
Then, after a brief reference to the accompanying drawing, which exhibits a vertical section of the apparatus for carrying the invention into effect, the specification proceeds thus:
“A is the cylinder, to which is adapted a plunger, B, the latter being reciprocated in the present instance from a shaft, D, through the medium of an eccentric, a, and rod, b, and the shaft being driven by the engine. At the bottom of the cylinder is a tubular projection, d, the upper end of which forms the seat for a valve, e, which rises, when the plunger is moved upward, and permits exhaust steam to enter the cylinder from the pipe, E, which communicates with the exhaust pipe of the steam engine. Water is also admitted in the form of a jet, to the cylinder, beneath the plunger, through the pipe, P, which communicates with a hydrant or reservoir, a cheek valve, f, in the pipe, P, opening on the ascent of the pump plunger, and closing on its descent. G is the discharge pipe, through which, and through the chest, H, containing a check valve, the exhaust steam may be forced directly into the boiler.”
The patentee then states that, as the pump operates continuously, he uses in connection with the discharge pipe, G, a device for automatically regulating the amount of water which passes into the boiler, so that it will accord with the requirements of the latter, and *996 the specification proceeds to describe this regulating device. This description we need not here reproduce or further mention, for this regulating device is the subject-matter of the second claim of the patent, and that claim is not here involved. The alleged infringement is only of the first claim, which claim is as follows:
“(1) The combination of the pump, A, the pipe, E, communicating with the exhaust pipe of the engine, valve, e, water pipe, E, and force pipe, G, communicating with the boiler.”
We have already quoted at length everything contained in the specification of the patent relating to the subject-matter of the first claim. That claim, obviously, is for a combination of specified parts. The specification, in connection with the illustrative drawing, shows very clearly the purpose of the invention, and the means devised by the patentee for carrying the same into effect. The invention is designated as “a new and useful improvement in heater and feeder for steam boiler,” and “the main object” is stated to be “to utilize the whole or a portion of the exhaust steam of a steam engine, by forcing it into a boiler with a supply of water.” The operation of the described apparatus is this: When the plunger is moved upward the valves, e and f, are opened, and the exhaust steam through the pipe, E, and cold water through the pipe, F, simultaneously enter into the pump cylinder beneath the plunger. Then, upon the descent of the plunger, the valves, e and f, are closed, the check valve in the chest, H, is opened, and the combined exhaust steam and water-forced directly into the boiler through the pipe, G-. There is no suggestion in the specification, or indication in the patent drawing, that the exhaust steam is to be utilized for any other purpose than thus to supply a hot feed to the boiler. Now, it was not a new thing to-utilize exhaust steam for the purpose stated in De Beaumont’s patent. For a very long time prior to his invention it had been a common practice to supply steam boilers, by means of feed pumps, with water-heated by the condensation of exhaust steam; the cold water and the exhaust steam meeting in a condensing chamber or receptacle, and the water of condensation being pumped therefrom into the boiler. Indeed, the De Beaumont patent purports to be for a mere-improvement in heaters and feeders for steam boilers. Under the-proofs, it is very clear that at the date of De Beaumont’s invention the state of this art was such that no claim was allowable except for the special means devised and described by the patentee for accomplishing the stated purpose. Railway Co. v. Sayles, 97 U. S. 554. Accordingly, we find that the first claim of the patent in suit is fora specific combination of elementary parts. Upon well-settled principles, then, this claim must be construed strictly, and the patenteeheld to the particular arrangement of parts described and specified. Duff v. Pump Co., 107 U. S. 636, 2 Sup. Ct. 487; Bragg v. Fitch, 121 U. S. 478, 7 Sup. Ct. 978; Snow v. Railway Co., 121 U. S. 617, 7 Sup. Ct. 1343; Wright v. Yuengling, 155 U. S. 47, 15 Sup. Ct. 1. Has infringement of this claim by the defendant been shown?
The defendant is the grantee of letters patent No. 256,089, dated April 4, 1882, for an improvement in apparatus for heating buildings. It appears that the defendant erected under this patent three- *997 steam-heating plants in the city of Philadelphia,—one on Carter’s alley, at the rear of Ho. 224 Chestnut street, one on the Walnut street wharf, at the Philadelphia & Reading station, and one at the Catholic High School. These plants are illustrated by drawings made by the complainant’s witness Mr. Gallagher, which are in evidence as exhibits. It is’ alleged that these heating plants infringe the first claim of the patent in suit. The distinguishing characteristic of the defendant’s apparatus, as installed in each of the above-named plants, is the circulation of steam through the heating coils and pipes by means of a partial vacuum throughout the steam-heating system, created and maintained by a vacuum pump. This vacuum pump is connected with a large pipe at the return end of the system. By the action of the vacuum pump the exhaust steam and any water from condensed steam are drawn from the heating coils and pipes into the large return pipe. There is also admitted into this large return pipe a jet of cold water, to cool the heated vapor before it reaches the vacuum pump. The contents of this return pipe are discharged by means of the vacuum pump into a tank. This tank is connected with the steam boiler by an independent pipe, through which, by means of a second pump, the hot water collected in the tank is delivered into the boiler. The vacuum pump employed in the defendant’s apparatus is the standard double-action pump, and is entirely different from the plunger pump of the De Beaumont patent. The second pump used by the defendant is an ordinary boiler-feed pump, of the type which existed before the De Beaumont invention, notwithstanding the manifest differences, the complainant’s witnesses expressed the view that each of these heating plants installed by the defendant at the above-named places embodies the De Beaumont invention. In so stating, these witnesses, no doubt, were honest enough. They proceeded, however, upon a mistaken idea as to the scope of the De Beaumont patent. It has no such extent as these witnesses supposed. On the contrary, as we have already seen, the patent is of very limited scope, not only because of the anterior state of the art, but also by reason of the statements of the specificationj and the definite terms of the first claim. It is very clear to us that no infringement by the defendant has been shown. Passing by dissimilarities in details of construction, there are radical differences between De Beaumont’s apparatus and the apparatus set up by the defendant, in purpose, in mode of operation, and in combination of essential parts. The patent in suit has no relation whatever to the vacuum system of steam heating, or, indeed, to any system of steam heating. The De Beaumont apparatus is intended simply to feed the steam boiler, and his pump is in direct communication with the boiler. The function of the defendant’s vacuum pump is to create and maintain a partial vacuum in a steam-heating system. In the three steam-heating plants in question the vacuum pump has no direct communication with the steam boiler. The discharge by that pump of the accumulations of the return pipe is not to the boiler, but into a tank. That tank is an open tank, in the sense that it is not air-tight. It is therefore impossible for the vacuum pump to make delivery into the boiler. The proof is quite convincing that, as the *998 defendant’s heating plants are organized, it is not practicable to force the water of condensation into the boiler by means of the vacuum pump. The water discharged by the vacuum pump into the tank cannot reach the boiler without the aid of further appliances. In fact, the defendant employs an additional pump—an ordinary boiler-feed pump—to deliver to the boiler the heated water collected in the tank. We have no hesitation in holding that the combination of the first claim of the De Beaumont patent is not to be found in any of the heating plants that the defendant is shown to have installed. We are of the opinion that upon the question of infringement the appellant’s case entirely fails. Having, then, upon a. consideration of the substantial merits of the controversy, reached a conclusion which is fatal to the appellant, and requires an affirmance of the decree dismissing the bill of complaint, we think that it is not necessary for us to consider the other question in the case, namely, whether the proofs established the complainant’s alleged title to the patent in suit. The decree of the circuit court is affirmed.