**BANKERS' UTILITIES CO., Inc., et al. v. NATIONAL BANK SUPPLY CO., Inc., et al.**

No. 6381.

Circuit Court of Appeals, Ninth Circuit.

Nov. 9, 1931.

Roy Daily and Hugh K. McKevitt, both of San Francisco, Cal., for appellants.

C. P. Goepel, of New York City, and Chas. E. Townsend and Wm. A. Loftus, both of San Francisco, Cal., for appellees.

Before WILBUR and SAWTELLE, Circuit Judges, and JAMES, District Judge.

JAMES, District Judge.

This is an appeal from an order of the District Court denying a temporary injunction to restrain the making of what are called book form savings banks, which the appellants claim are an infringement of letters patent No. 1,460,716, claim 6. This patent was first construed by this court in Bankers' Utilities Co. v. Pacific National Bank, 18 F. (2d) 16. It was there held that all of the claims of the patent, except claim 6, were invalid, as showing no invention over the prior art. The court, by the late Judge Dietrich, declared that all of the elements involved were old, and that the patentee could lay no claim to basic or primary rights. It was held, however, that the combination composing the device, as described in claim 6 of the patent, was an improvement over the prior art. The case was returned to the District Court after that decision, and accounting proceedings were had.

While those proceedings were pending, the defendants changed the form of construction of their device. The plaintiffs then insisted that the new form did not avoid infringement, and applied to the court for an order to construe the injunction to include the new form of device. The trial court then held that such new form was not an infringement, and that question was presented upon an appeal from the final decree by Bankers' Utilities Co. v. Pacific National Bank (C. C. A.) 32 F.(2d) 105. This court reversed the decree of the District Court, and held that the new form of defendants' bank was an in-

fringement, in that the means of securing the detachable parts were substantially the same as that described in claim 6 of the patent. Again the case was returned to the District Court, and an accounting proceeded with.

Again the defendants proceeded to manufacture another box, and this time by a welding process they fastened the cover to the case. The plaintiffs (appellants here) brought the new construction before the master, and insisted that it should be included as an infringing device in the accounting proceedings. The master, being of the opinion that the change shown was not such a substantial one as to avoid the patent, made a preliminary report to the court, in which he said: "In the present instance, defendants have taken plaintiffs' bank, with its case, envelope covering and stiffening boards and have merely replaced the attaching means comprising the slot and tongue arrangement, with an attaching means embodying a welded connection between the tongues and case. This change is colorable only, and particularly in view of the undisputable fact that the envelope covering of the 'spot-welded bank' can be detached from the case thereof and replaced with a new envelope covering."

The defendants (appellees) presented formal exceptions to the finding of the master as contained in a special report, and simultaneously the appellants moved for an extension of the injunction then outstanding to include the new structure referred to by the master. The District Judge sustained the exceptions of appellees, holding that an accounting should not be taken as to the new form, and denied the motion for the extension of the injunction. A written stipulation was entered into some time after the court had made the last order, from which it might be concluded that the order denying the extension of the injunction was consented to. However, the stipulation which was for the purpose undoubtedly of having a written record made of an oral stipulation made prior to the day when the court ruled, may be considered as expressing only the purpose of the parties that the question of the extension of the injunction should follow the court's ruling on the exceptions to the special report of the master, whichever way the decision went.

By an application for a temporary injunction, the discretion of the court is appealed to, and, unless the showing presented on undisputed facts is such as to entitle the moving party as a matter of law to the writ sought, the decision of the trial judge may not be disturbed. That rule needs no citation of authorities to support it.

By the new form of construction of the appellee's device, a readily detachable cover is not shown. The welding makes it impossible by any simple operation to separate the parts. The "easily detachable" feature is a material element of the invention as described in claim 6 of the patent sued upon. The patentee, in describing the novel results to be obtained by his invention, declared: "When the cover is worn or for any other reason a new cover is wanted, the old one is readily detached by bending back the tongues, and a new one applied."

A reading of Judge Dietrich's opinion in 18 F.(2d) 16, shows that the quick detachable feature was the thing that persuaded the court to hold that claim 6 was valid.

We can find no reason for disturbing the conclusion of the trial judge, and the order denying the motion for injunction must be sustained.

The order is affirmed.