### GREER v. ERICKSON et al.

### No. 3967–S.

District Court, N. D. California, S. D.

Sept. 4, 1936.

Roy Daily, of San Francisco, Cal., for plaintiff.

Stephen M. White, of San Francisco, Cal., for defendant Edward L. Erickson.

ST. SURE, District Judge.

This is a suit for infringement of patent No. 1,460,716 for a "Book-form Savings Bank." The validity of the patent, as to claim 6 thereof, was established in Bankers' Utilities Co. v. Pacific National Bank (C.C.A.) 18 F.(2d) 16.

In the specifications for his patent, the inventor says:

"My invention relates to small savings banks and the broad object of the invention is to provide a savings bank simulating a book characterized by simple structural elements giving a sturdy construction at low cost. More particularly an object of the invention is the provision of a bank of the character described having an improved cover simulating a binding and improved means for securing the cover to the inner casing of the bank so that if need arises, a new cover may readily be applied. * * *

"When the cover is worn or for any other reason a new cover is wanted, the old one is readily detached by bending back the tongues, and a new one applied. * * *

"It will readily be appreciated that with the structure set forth, the 'binding' of the 'book' may be easily detached when worn, and a new one applied. This is of importance, where the banks are loaned to depositors by financial institutions. The metallic parts are capable of long use and comprise the chief cost of the device. The covers may bear the individual names of depositors. Hence it is desirable with the reissue of a bank after its return by a former user, to attach a new cover, and with my device this may be done at small cost."

Plaintiff contends that claim 6 of his patent is infringed by defendant's device, which in form and appearance is similar to his device. Claim 6 reads as follows:

"6. A book form savings bank comprising a case formed with slots in the sides thereof, a covering for said case simulating the binding of a book, stiffening boards for said cover, and tongues stamped from the body of each board and adapted to extend thru said slots and be bent over on the inside of said case to detachably secure the covering thereto."

In speaking of the patent, the late Judge Dietrich, in Bankers' Utilities Co. v. Pacific National Bank, supra, said [18

F.(2d) 16, at page 17]: "It is conceded that all the elements are old, and at the time the patent was applied for savings banks of similar appearance were well known in the art. The novelty contended for consists in so combining these elements that an envelope cover, simulating the binding of a book and complete in itself, may be readily applied to and without injury detached from a complete case."

Judge Dietrich held that claim 6 was valid upon the ground of its utility, citing Bliss v. Spangler (C.C.A.9) 217 F. 394; The Barbed Wire Patent, 143 U.S. 275, 12 S.Ct. 443, 36 L.Ed. 154; and closed his opinion with the observation (18 F.(2d) 16, at page 18): "While we find in plaintiffs' device patentable novelty, in view of the prior art, the invention is not thought to be basic. The limits of their rights are fairly defined in claim No. 6, the validity of which we sustain."

Plaintiff's patent and device have heretofore been considered by the Circuit Court of Appeals of the Ninth Circuit in two other cases, to wit, Bankers' Utilities Co. v. Pacific National Bank, 32 F.(2d) 105, and Bankers' Utilities Co. v. National Bank Supply Co., 53 F.(2d) 432. In Bankers' Utilities Co. v. Pacific Nat. Bank, 32 F.(2d) 105, the late Judge Dietrich held a certain device (Plaintiff's Exhibit 13 herein) to be an infringement. In Exhibit 13 the top of the envelope cover was attached to the hinged lid of the metal case by "tongues" bent over on the inside. The patent and device were again considered in Bankers' Utilities Co. v. National Bank Supply Co., 53 F.(2d) 432, where it was held that another form of device (Plaintiff's Exhibit 11 herein) did not infringe plaintiff's patent. In Exhibit 11 the metal bottom of the case was spot-welded to the stiffening board thereof, and the "tongues" were attached by welding to the hinged lid of the metal case. Quoting from 53 F.(2d) 432, 433:

"Again the defendants proceeded to manufacture another box, and this time by a welding process they fastened the cover to the case. * * * By the new form of construction of the appellee's device, a readily detachable cover is not shown. The welding makes it impossible by any simple operation to separate the parts. The 'easily detachable' feature is a material element of the invention as described in claim 6 of the patent sued upon. The patentee, in describing the novel results to be obtained by his invention, declared: 'When the cover is worn or for any other reason a new cover is wanted, the old one is readily detached by bending back the tongues, and a new one applied.'

"A reading of Judge Dietrich's opinion in [Bankers' Utilities Co. v. Pacific National Bank (C.C.A.)] 18 F.(2d) 16, shows that the quick detachable feature was the thing that persuaded the court to hold that claim 6 was valid."

Since this decision of our Circuit Court of Appeals, defendant has eliminated the spot-welding at the bottom of the metal case (as shown by Plaintiff's Exhibit 11), and now only welds the "tongues" to the metal on the inside of the hinged lid (Plaintiff's Exhibit 2). It will thus be seen that the only difference between the device of the plaintiff and that of defendant now before us is that in the plaintiff's device the metal "tongues" are "bent over on the inside of said case to detachably secure the cover thereto," while in the defendant's device seven metal "tongues" are welded to the inside of the hinged lid of the metal case. Plaintiff contends that these welded "tongues" are detachable, and to prove it had an expert witness give a physical demonstration with the use of a pocket-knife and a glass paperweight. With the device resting upon the bench, the blade of the knife was placed upon the welded "tongues" and hammered with the paperweight, severing the "tongues" from the lid of the metal case. The expert thereupon disassembled the device, then reassembled it, applied a new cover and bent over the "tongues" on the inside of the case, as shown by Plaintiff's Exhibit 1 herein. The entire demonstration consumed about five minutes.

Deitel v. Reich-Ash Corporation (C.C.A.) 57 F.(2d) 708, cited by plaintiff, wherein his device was held to be infringed by a vanity case made with bent tongues on detachable covers, the tongues being inserted in one large opening, is obviously not in point.

The doctrine of equivalents, suggested by plaintiff, is not applicable to this case, for the reason that plaintiff's patent is secondary. Claim 6 cannot receive a broad construction, but is limited to the rights fairly defined therein. Dashiell v. Grosvenor, 162 U.S. 425, 432, 16 S.Ct. 805, 40 L.Ed. 1025; Knapp v. Morss, 150 U.S. 221, 228, 14 S.Ct. 81, 37 L.Ed. 1059; Boyd v. Janesville Hay-Tool Co., 158 U.S. 260,

267, 15 S.Ct. 837, 39 L.Ed. 973; Duff v. Sterling Pump Co., 107 U.S. 636, 2 S.Ct. 487, 27 L.Ed. 517.

Where the patent sued on does not embody a primary invention, but is only an improvement on the prior art and defendant's device can be differentiated, the charge of infringement cannot be maintained. Kokomo Fence Machine Co. v. Kitselman, 189 U.S. 8, 23 S.Ct. 521, 47 L.Ed. 689.

Having in mind the decisions of the Circuit Court of Appeals above cited, holding that the invention is an aggregation and association of old elements, is not "basic," and is confined to the narrow limits defined in claim No. 6, the "easily detachable" feature of the patent when construed in the light of the description contained in the specifications, the holding that by a welding process the envelope cover was fastened to the case, and the evidence introduced before this court showing that, before the envelope cover of the defendant's device can be detached from the metal case, the welded "tongues" must be cut and destroyed, I am of the opinion that the claim of infringement is not sustained.

The suit will be dismissed, with costs to defendant. Counsel for defendant may submit findings of fact, conclusions of law, and decree, in accordance with the views herein expressed and rule 42 of this court.