## GREER v. ERICKSEN.
### No. 8375.
Circuit Court of Appeals, Ninth Circuit.
Dec. 3, 1937.

Walter Christie, of San Francisco, Cal., for appellant.

Stephen M. White, of San Francisco, Cal., for appellee.

Before WILBUR, STEPHENS, and HEALY, Circuit Judges.

676

WILBUR, Circuit Judge.

This is an action for infringement of patent No. 1,460,716. The patent covers an invention of a small savings bank made in book form which is so constructed that the cover of the bank may be detached and a new one replaced without injury to the bank. The patent has previously been before this court a number of times. Bankers' Utilities Co. v. Pacific Nat. Bank, 18 F.2d 16; Bankers' Utilities Co. v. Pacific Nat. Bank, 32 F.2d 105; Bankers' Utilities Co. v. National Bank Supply Co., 53 F.2d 432. It was held in these cases that claim 6 of the patent is valid. This claim is as follows: "6. A book form savings bank comprising a case formed with slots in the sides thereof, a covering for said case simulating the binding of a book, stiffening boards for said cover, and tongues stamped from the body of each board and adapted to extend thru said slots and be bent over on the inside of said case to detachably secure the covering thereto."

It will thus be seen that the patent is for the attachment of a cover to the bank by extending tongues fashioned from the body of the cover through slots in the case of the bank and bending the tongues.

In the appellee's device, alleged to infringe the appellant's patent, the cover is attached to the metal case of the bank by two separate methods. The cover is fastened to the bottom part of the metal case as follows: Attached to the sides of the bottom of the metal case is a metal strip simulating gilt book edges. The upper side of the strip is crimped over the upper edges of the sides of the case and the bottom edge of the metal strip is turned under the bottom of the metal case extending inward from the edge of the case for a short distance. Lugs on the cover pass through slots in that part of the metal strip which is turned under the bottom of the metal case. The difference between the patented device and this form of construction lies in the fact that in appellee's device the tongues of the cover extend through the slots in the metal strip, but do not extend through the bottom of the case. This form of attachment was held to be an infringement of the patent in Bankers' Utilities Co. v. Pacific Nat. Bank, 32 F.2d 105, supra. The method of securing the cover to the top, or lid, of the metal case in appellee's device is by spot welding the lugs of the detachable cover to the upturned edge of the lid, or top, of the metal case instead of bending the lugs over the edge of the case, or passing the lugs through slots in the case. It was held by this court in Bankers' Utilities Co. v. National Bank Supply Co., 53 F.2d 432, supra, that the method of attaching the detachable cover by spot welding did not infringe the patent. In that case the cover was attached to the bottom of the metal case by spot welding, the cover being also spot-welded to the lid of the case in the same manner as the lid is fastened in the alleged infringing device in the case at bar, described above.

The invention in appellant's device lies in the fact that the cover may be removed and a new one replaced quickly, by the method described in the patent, which does not require technical skill or equipment. See Bankers' Utilities Co. v. Pacific Nat. Bank, 18 F.2d 16, supra; Bankers' Utilities Co. v. National Bank Supply Co., 53 F.2d 432, supra. The method of attachment by spot welding is entirely different from the method of attachment by lugs readily bent by hand, for in the case of spot welding it is necessary to use an electric welding machine. We think the trial court was correct in its conclusion that appellee's device does not infringe.

Affirmed.