## FOWLER v. CITY OF NEW YORK et al.

(Circuit Court, S. D. New York. August 1, 1901.)

1. PATENTS—SUIT FOR INFRINGEMENT—DEMURRER.
   Where a bill for infringement makes profert of the patent, it will be considered as before the court for the purposes of a demurrer, on the ground that the patent is invalid on its face.

2. SAME—INVENTION—RAILWAY SYSTEM.
   The Carpenter patent, No. 570,451, for a bitransit railway system, which consists of employing four tracks, two for through, and two for local, trains, with transfer stations at intervals, is void on its face for lack of patentable invention.

In Equity. Suit for infringement of letters patent No. 570,451, issued November 3, 1896, to Benjamin F. Carpenter for what is called a "Bitransit Railway System." On demurrer to bill.

Timothy D. Merwin and John R. Bennett, for demurrer.
William W. Dodge, opposed.

LACOMBE, Circuit Judge. The patentee points out in the specifications that when in any system of transit there is but one track with turnouts, or two tracks only in one or adjacent streets,—one track for cars running in one direction, the other for cars running in an opposite or returning direction,—but one kind of traffic can be maintained, either rapid trains, stopping at long intervals, or slow trains, stopping at shorter intervals. A mixed service on such a road is secured by running the slow trains on sidings, and thus clearing the tracks for an occasional fast train, which is unsatisfactory and dangerous. The remedy he suggests is to use four tracks, two for express trains running in opposite directions, and two for local trains running in opposite directions, with local stations at frequent intervals and transfer stations at less frequent intervals, where the express trains can receive and deliver passengers from or to the local trains; the transfer stations to be located between the express and local tracks, being thus "island stations," which the specification asserts to be an old variety of station. The patentee further explains that if there is a full ten-car train at one side of the platform, and a two-car train at the other, and all the passengers of the first wish to get on the second, there will be a rush, and only one-fifth of the passengers can be accommodated. This he suggests correcting by using partitions on the platforms, thus dividing them into sections appropriate for the travel to be handled. Further subdivisions of these sections are also suggested, if required, the use of sliding gates and of staircases is recommended, and "loops" connecting up and down tracks, so as to avoid running trains over the whole length of the road when there

is greater congestion in part of it. The complaint is in the usual form, and contains the phrase, "which said letters patent, or exemplified copy thereof, your orator will produce, as your honors shall direct." Defendants demur. Upon the question whether on a bill thus phrased the court will on demurrer look into the patent, to see if it is valid on its face, there are conflicting decisions in this circuit. Warner Bros. Co. v. Warren-Featherbone Co. (C. C.) 97 Fed. 604; Lumber Co. v. Maurer (C. C.) 44 Fed. 618. It seems to be the better practice, as certainly it is the simpler, more expeditious, and more economical, to consider the patent as if it were set forth in the bill.

Upon investigation, and after several attempts to write an opinion which would express more compactly than does the patent itself its utter lack of patentable invention, it seems better to leave that document to speak for itself. The patentee has prepared a most elaborate and careful specification, which sets forth with great clearness precisely what it is which he contends he has contributed to the art. No opinion could fairly state the case presented without embodying everything which goes to make up what the patentee calls his "Bi-transit Railway System"; and when that is done, really there is nothing left to say. The demurrer is sustained, with costs.