### EDISON v. AMERICAN MUTOSCOPE & BIOGRAPH CO.

(Circuit Court, S. D. New York. January 8, 1904.)

No. 8,290.

1. PATENTS—SUIT FOR INFRINGEMENT—EXAMINING PATENT ON DEMURRER.

Where a bill for infringement of a reissued patent makes profert of such reissue, and recites that it was founded on the original patent, giving its date and number, such original is essentially incorporated into the bill, and may be examined and compared with the reissue on demurrer to the bill.

2. SAME—ISSUES RAISED BY DEMURRER—VALIDITY OF REISSUE.

The defense that a reissue is void on its face when compared with the original patent may be raised and determined on demurrer where both patents are properly before the court.

3. SAME—VALIDITY OF REISSUE—KINETOSCOPIC FILM.

The Edison reissue patent No. 12,038, Division B (original No. 589,168), for a kinetoscopic film, while its claims differ in their language from the corresponding claims of the original patent, is not so clearly for a different invention as to warrant a court in declaring it void on demurrer.

In Equity. Suit for infringement of reissued letters patent No. 12,038, division B (original No. 589,168), for a kinetoscopic film, granted to Thomas A. Edison September 30, 1902. On demurrer to bill.

¶ 1. Pleading in infringement suits, see note to Caldwell v. Powell, 19 C. C. A. 595.

Gifford & Bull (J. Edgar Bull and Richard N. Dyer, of counsel), for complainant.

Kerr, Page & Cooper, for defendant.

HAZEL, District Judge. The bill charges infringement of complainant's reissue patent No. 12,038, division B, issued September 30, 1902, which is one of two divisions of the original patent, dated August 31, 1897. The application for the reissue was dated July 18, 1902. The defendant demurs to the bill for want of equity, and claims specifically that the reissued patent is void, being for a different invention than that described in the original patent. Attached to the demurrer is what purports to be a complete copy of the original patent upon which the reissue is founded. Complainant contends that no express profert of the original patent is made in the bill, and that upon demurrer the patents cannot be examined and compared. If this be true, it is manifest that a defense which depends upon such comparison between the original patent and the reissue cannot now be determined. Such assumption, however, is not borne out by complainant's bill, which, upon examination, seems to conform to the prevailing practice by making a profert of the reissue. It recites with exactness and precision that the reissued patent is founded upon the original grant, giving its date and number, and alleges its surrender. Such an averment, essentially incorporated into the declaration, brings the original patent before the court, and enables examination and comparison with the reissue on demurrer. It may fairly be presumed, I think, from the denial by Judge Lacombe of complainant's motion to strike out the demurrer, that this was also his view. Assuming, therefore, both patents properly before the court, the defense that the reissue is void upon its face when compared with the original patent may undoubtedly be raised and determined upon demurrer. Authority for so doing may be found in numerous cases. Wollensak v. Reiher, 115 U. S. 96, 5 Sup. Ct. 1137, 29 L. Ed. 350; Fowler v. City of New York (C. C.) 110 Fed. 749. From the allegations of the bill and the purported copy of the original patent annexed to the demurrer it appears that the validity of claims 1 and 2 of the reissue depend upon their resemblance to claims 5 and 6 of the earlier patent. It is insisted by demurrant that the claims of the reissue are widely different from those relating to the same subject set forth in the original patent, and accordingly that an inspection and comparison palpably disclose such an enlargement of the claims in the reissue as is forbidden by law. The earlier claims would seem to limit and define the spaces between each photograph or successive portion of the object in motion to an equal distance. The claims also state that the photographic views shall "all be taken from the same point of view." The reissued patent omits the word "equidistant," and specifies photographs of successive positions of the object in motion which are "uniform sharply-defined" as observed "from a single point of view." In the briefs presented by defendant's counsel, it is stated:

"While original claim 5 provides that all of the pictures shall be 'taken from the same point of view,' the reissued claim is expanded to include a series of pictures such as would be observed from a single point of view (i. e., appearing to have been so taken) whether this were the same point for all of

the pictures or not. In other words, while claim 5 of the original patent was limited to the product of a single stationary camera, claim 1 of the reissue is expanded to cover the product of a single camera which may be either at rest or in motion while the pictures are being taken."

This may be exactly what the reissue has accomplished. It is not my purpose to express any opinion concerning the scope of the reissue upon an examination of the two patents, simply made to decide questions raised on demurrer. It is doubtful whether a technical meaning of words appearing in the context of claims, and upon which the validity of the reissued patent depends, ought to be thus decided. While a mere cursory comparison of the original patent and the reissue shows an important alteration of the claims by omission of words and substitution of others which are apparently words of limitation and enlargement of its scope, nevertheless the terms employed in the patent, namely, "uniform," "equidistant," "positive film," "same point of view," "single point of view," are susceptible in the photographic art of a somewhat different signification than is commonly given them. In any event, as the cause now stands, I am not prepared to hold that upon the issue no question of fact can arise upon the point that the claims were enlarged beyond the scope of the original patent, and that there was such a departure therefrom as to justify the court in stopping this suit for infringement on the face of the two instruments.

Demurrer overruled, with costs; defendant to answer within 30 days.