KUHN et al. v. LOCK-STUB CHECK CO.

(Circuit Court of Appeals, Second Circuit. November 16, 1908.)

No. 24.

1. PATENTS (§ 328*)—INVENTION—PRINTING DIE.
 The Force patent, No. 705,228, for a printing die, consisting of a metallic handle and a type-block, the handle having flanges with gripping edges to hold the rubber block instead of fastening it with glue or cement, is void on its face for lack of invention.
 [Ed. Note.—For other cases, see Patents, Dec. Dig. § 328.*]

2. PATENTS (§ 310*)—SUIT FOR INFRINGEMENT—ADJUDICATION OF INVALIDITY ON DEMURRER.
 A court may properly declare a patent void on a demurrer to a bill for its infringement, when convinced from an inspection that it cannot be sustained.
 [Ed. Note.—For other cases, see Patents, Cent. Dig. § 536; Dec. Dig. § 310.*]

Appeal from the Circuit Court of the United States for the Southern District of New York.

For opinion below, see 157 Fed. 235.

On appeal from a decree of the Circuit Court for the Southern District of New York sustaining a demurrer to the bill on the ground that the patent in suit is void for lack of invention.

Henry Schreiter, for appellants.

George D. Beattys (George B. B. Lamb, of counsel), for appellee.

Before LACOMBE, COXE, and WARD, Circuit Judges.

COXE, Circuit Judge. The patent in controversy, No. 705,228, was granted to William A. Force for a printing die. The object of the alleged invention is to fasten the rubber type-block securely to the handle of the die and is sufficiently illustrated by the claims, which are as follows:

"(1) A metallic handle for type-blocks provided with flanges, set in position to embrace a type-block, and adapted to be brought into rigid, unyielding engagement with the block when pressed together.

"(2) A metallic handle for type-blocks, provided with flanges, having gripping edges on their ends, the flanges being set in position to embrace a type-block and adapted to be brought into rigid, unyielding engagement with the block when pressed together.

"(3) The combination with a metallic handle, having flanges set in position to embrace a type-block and adapted to be brought into rigid, unyielding engagement with the type-block, when pressed together, of a type-block set

---

between the flanges and secured to the handle by pressing the flanges together upon the type-block."

It appears from the specification that nothing is new in the patented device except the method of fastening the type-block to the handle. Both of these elements were old, whether considered singly or in combination, but, instead of fastening them together by glue or cement, the patentee provides his metallic handle with flanges, and clamps the rubber between them—a method of fastening which is as old as mechanics. Assuming that the patented die discloses an improvement over the dies of the prior art, it is one of degree only. The die operates in the old way, no new function is produced, no new result is accomplished. The rubber is fastened to the metal more securely than before, but that is all. If this be invention, it must follow that one who substitutes some other material for metal—glass or porcelain, for instance—and fastens the rubber block to this handle by some well-known mechanical device which he substitutes for the gripping flanges of Force, will be entitled to a patent, and so on until all available fastening devices are exhausted. We are clearly of the opinion that the patent discloses nothing which does not belong to the skill of the calling. To paraphrase the language of the court in Rubber-Tip Pencil Co. v. Howard, 20 Wall. 498, 507, 22 L. Ed. 410:

"Everybody knew, when the patent was applied for, that if a yielding substance (like rubber) was inserted into a cavity having metal flanges, that the rubber would be embraced and held in position when the flanges were pressed together."

See, also, Reckendorfer v. Faber, 92 U. S. 347, 23 L. Ed. 719, where a claim for "a pencil composed of a wooden sheath and lead core, having one end of the sheath enlarged and recessed to constitute a receptacle for an eraser or other similar article, as shown and set forth," was held invalid for lack of patentability.

That the question here presented may properly be decided on demurrer was decided by the Supreme Court in Richards v. Chase Elevator Company, 158 U. S. 299, 15 Sup. Ct. 831, 39 L. Ed. 991. This court has frequently approved this practice, believing it for the interests of both parties that the court, when convinced that the complainant cannot succeed, should say so in limine and thus save them from the expense and annoyance of a protracted litigation. Fowler v. City of New York (C. C.) 110 Fed. 749, affirmed 121 Fed. 747, 58 C. C. A. 113; Lappin Brake-Shoe Co. v. Corning Co. (C. C.) 94 Fed. 162, affirmed 99 Fed. 1004, 40 C. C. A. 215; Conley v. Marum (C. C.) 83 Fed. 309, affirmed 85 Fed. 990, 29 C. C. A. 680.

The decree of the Circuit Court is affirmed with costs.