### AMERICAN THERMOS BOTTLE CO. v. SEMPLE et al.

(District Court, N. D. New York. April 24, 1915.)

PATENTS ☞310—REISSUE—LACHES—PLEADING.

When a reissue was for the sole purpose of expanding the claims of the original patent, and a bill for its infringement discloses a delay of more than two years in applying for the reissue, it should further set out facts which excuse the laches, which appears prima facie; otherwise, it is a question of law for the court, and may be determined on the pleadings.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 507–540; Dec. Dig. ☞310.]

In Equity. Suit by the American Thermos Bottle Company against William H. Semple and Edward R. Semple, copartners trading as W. H. Semple & Sons. On motion by the defendant, after issue joined, to dismiss on the particular ground that the bill of complaint does not excuse the laches, manifest on the face of the bill, in applying for the reissued letters patent sued upon. Motion sustained.

W. T. Dunmore, of Utica, N. Y. (A. F. Herbsleb, of Cincinnati, Ohio, of counsel), for the motion.

Grant & Wager, of Utica, N. Y., and Robt. B. Killgore, of New York City, opposed.

RAY, District Judge. This suit is in equity to restrain alleged infringement of reissued letters patent No. 13,093, dated March 15, 1910, and issued to Burger and Aschenbrenner, assignors to American Thermos Bottle Company, a corporation of the state of Maine, on application for such reissue filed March 15, 1909.

The original letters patent, No. 820,347, were issued to said Burger and Aschenbrenner May 8, 1906, on application filed September 3, 1904. Between the application for the original patent and the application for the reissue over four years intervened, and between the *grant* of the original patent No. 820,347, May 8, 1906, and the *application* for this reissue March 15, 1909, about 2 years and 10 months elapsed. The original patent, No. 820,347, applied for September 3, 1904, and issued May 8, 1906, had *four* claims, and the reissued letters patent No. 13,093, applied for March 15, 1909, and issued on such application for reissue March 15, 1910, has *fifteen* claims—the original 4 and 11 additional claims. By a bill of particulars the charge of infringement has been restricted to 6 of these claims, 5, 6, 7, 8, 9, and 10; but this, as I view the matter here involved, has little, if anything, to do with the question to be decided. It is evident that the claims of the original patent and application therefor were greatly expanded. The bill of complaint contains no explanation of or excuse for the delay of a little more than 2 years and 10 months in applying for the reissue. The bill does show that the Patent Office excused the delay and granted the reissue, but does not state the grounds of such action. The bill alleges:

"That said letters patent No. 820,347 were inoperative and invalid by reason of defective and insufficient specification, and were, in accordance with the provisions of law applicable thereto, surrendered to the Commissioner of Patents, and thereupon in due form of law reissued to plaintiff as the assignee of said Burger and Aschenbrenner, as will more fully and at large appear from said reissued letters patent No. 13,093, or a duly authenticated copy thereof here in court to be produced."

While the 4 claims of the original issue were carried into the reissue, infringement of no one or more of such original claims is alleged. The defendants are alleged to infringe claims not found in the original patent.

Is the bill of complaint insufficient, in that it fails to allege some fact or facts excusing the delay in applying for the reissue more than two years? If Wollensak v. Reiher, 115 U. S. 96, 5 Sup. Ct. 1137, 29 L. Ed. 350, Mahn v. Harwood, 112 U. S. 354, 5 Sup. Ct. 174, 28 L. Ed. 665, and Miller v. Brass Co., 104 U. S. 350, 26 L. Ed. 783 (especially Wollensak v. Reiher), are the law to-day, this bill is defective in the respect mentioned.

In Wollensak v. Reiher, supra, the Supreme Court of the United States held:

"The question whether delay in applying for a reissue of a patent has been reasonable or unreasonable is a question of law for the determination of the court.

"The action of the Patent Office, in granting a reissue, and deciding that, from special circumstances shown, it appeared that the applicant had not been guilty of laches in applying for it, is not sufficient to explain a delay

in the application which otherwise appears unreasonable, and to constitute laches.

"When a reissue expands the claims of the original patent, and it appears that there was a delay of two years, or more, in applying for it, the delay invalidates the reissue, unless accounted for and shown to be reasonable.

"A bill in equity which sets forth the issue of a patent, and a reissue with expanded claims after a lapse of two or more years, and states no sufficient explanation of the cause of the delay, presents a question of laches which may be availed of as a defense, upon general demurrer for want of equity."

In the opinion the court said:

"When, therefore, the injunction bill sets out, or exhibits both the original and the reissued patent, and it appears from inspection that the sole object of the reissue was to enlarge and expand the claims of the original, and that a delay of two or more years has taken place in applying for the reissue, not explained by special circumstances showing it to be reasonable, the question of laches is a question of law arising on the face of the bill, which avails as a defense, upon a general demurrer for want of equity."

There, as here, the claims made in the original application were not as full and broad as the alleged invention disclosed in the specification; there, as here, additional claims were necessary, or the matters not claimed would be deemed abandoned to the public; there, as here, the claims were expanded, the original ones being retained in the reissue; there, as, here, the infringement alleged was not of such original claims, but of the new and added claims first found in the reissue; there, as here, there was a delay of more than two years in applying for the reissue, but no excuse for such delay was alleged in the bill; and there, as here, it was alleged that the Patent Office had excused the delay by granting the reissue. It is claimed by complainant that Wollensak v. Reiher does not appear to have been followed or approved by any subsequent decision of the Supreme Court of the United States; but this is a mistake, as the case was cited, quoted from, and approved in Ives v. Sargent, 119 U. S. 652, 661, 662, 7 Sup. Ct. 436, 30 L. Ed. 544, decided two years later, and Mahn v. Harwood, 112 U. S. 354, 362, 5 Sup. Ct. 174, 28 L. Ed. 665, was also cited. In Ives v. Sargent, supra, at page 662 of 119 U. S., at page 441 of 7 Sup. Ct. (30 L. Ed. 544), the court said:

"It is also settled that, while no invariable rule can be laid down as to what is a reasonable time within which the patentee should seek for the correction of a claim which he considers too narrow, a delay of two years, by analogy to the law of public use before an application for a patent, should be construed equally favorable to the public, and that excuse for any longer delay than that should be made manifest by the special circumstances of the case. Wollensak v. Reiher, 115 U. S. 96, 100 [5 Sup. Ct. 1137, 29 L. Ed. 350]; Mahn v. Harwood, 112 U. S. 354, 363 [5 Sup. Ct. 174, 28 L. Ed. 665]."

Wollensak v. Reiher has been quoted, approved, and followed in the lower federal courts. Edison v. American M. & B. Co. (C. C.) 127 Fed. 361, 362. It is also cited, and not disapproved or limited, on the question of pleading in Topliff v. Topliff et al., 145 U. S. 156, 170, 12 Sup. Ct. 825, 36 L. Ed. 658. The question of pleading facts showing an excuse for delaying the application for a reissue beyond two years, when the sole purpose of the reissue is to expand the claims,

is quite different from the sufficiency of the excuse when pleaded and the proof is before the court.

In Topliff v. Topliff, supra, at page 170, 171, of 145 U. S., at page 831 of 12 Sup. Ct. (36 L. Ed. 658), the rule is stated thus:

"First. That it shall be for the same invention as the original patent, as such invention appears from the specification and claims of such original.

"Second. That due diligence must be exercised in discovering the mistake in the original patent, and that, if it be sought for the purpose of enlarging the claim, the lapse of two years will ordinarily, though not always, be treated as evidence of an abandonment of the new matter to the public to the same extent that a failure by the inventor to apply for a patent within two years from the public use or sale of his invention is regarded by the statute as conclusive evidence of an abandonment of the patent to the public.

"Third. That this court will not review the decision of the Commissioner upon the question of inadvertence, accident, or mistake, unless the matter is manifest from the record; but that the question whether the application was made within a reasonable time is, in most, if not in all, such cases, a question of law for the court."

I think the rule is that when the reissue was for the sole purpose of expanding the claims, and both the original and reissued patents are before the court, and a delay of more than two years in applying for the reissue appears on the face of the bill, and there is no explanation or excuse given or properly inferable from facts stated for such delay, a question of law is presented. If unexcused delay is a defense, and more than two years delay is usually fatal to the reissue if not excused, and such delay appears on the face of the bill, why should not good pleading demand that the excuse, if any, be shown also on the face of the bill. Why should a defendant be compelled to go to trial in open court on a pleading showing such laches, but no excuse, and be compelled to meet excuses of which he has had no notice, and as to the truth of which he will be in ignorance? If prima facie on the face of the bill laches appears and is not excused, but the negligence appearing is excusable under some circumstances, why should not the bill bring the laches within the exception to the general rule?

This court is of the opinion that the new equity rules do not help the complainant. If the bill, in setting up the original patent, the application for a reissue and the allowance of the application, shows prima facie laches in such application, I think the bill should excuse or negative such laches by pleading the ultimate fact or facts which will have that effect. The action of the Patent Office in granting the reissue does not excuse laches in applying therefor.

It is urged that by answering the defendants have waived their right to move to dismiss for laches apparent on the face of the bill and not excused. If, when issue is actually joined, it appears from the pleadings that the bill should be dismissed, this court is unable to see why the motion may not be presented at any time; the sooner the better, if courts are to administer justice and not encourage delays.

The motion to dismiss will be granted, unless within 20 days the complainant files an amended bill, or a verified bill of particulars, stating facts excusing or tending to excuse the delay in applying for the reissue, which it may do. So ordered.