BAYLEY & SONS, Inc., v. BLUMBERG et al.

(Circuit Court of Appeals, Second Circuit. December 11, 1918.)

No. 55.

1. JUDGMENT &632—PERSONS WHO MAY ASSERT BAR.

A judgment in a suit by a patentee against different parties, holding the patent invalid, is not a conclusive adjudication, which will bar a suit by the patentee against another for infringement of the same patent.

2. PATENTS &310(4)—INFRINGEMENT—BILL.

A bill for patent infringement held sufficient to state a cause of action; averments as to previous litigation over the patent being immaterial.

3. EQUITY &362—BILL—DISMISSAL.

A bill should not be dismissed, as not stating a cause of action, unless it is possible to conceive that, even if all of the allegations in the bill are true, the bill must be dismissed at hearing.

4. PATENTS &313—BILL FOR INFRINGEMENT—DISMISSAL.

In view of the claim of the patentee that it would produce new evidence at trial, held, that it was improper to dismiss a bill setting up the infringement of a patent, notwithstanding it appeared that on previous suit against other parties the patent had been held by the Circuit Court of Appeals to be invalid.

Appeal from District Court of the United States for the Southern District of New York.

Suit by Bayley & Sons, Incorporated, against Michael J. Blumberg and Mrs. J. Blumberg, doing business under the name of J. Blumberg. From an order dismissing the bill, plaintiff appeals. Reversed.

Lester F. Dittenhoefer, of New York City (Dodson & Roe, of New York City, of counsel), for appellant.

Sidney S. Bobbe, of New York City, for respondent.

Before ROGERS, HOUGH, and MANTON, Circuit Judges.

MANTON, Circuit Judge. The appellant seeks to recover for willful infringement of design patent No. 49,593, for a lighting fixture, issued to the appellant's assignor, and for which the appellant now holds an assignment. The issues were framed by the service of an amended bill, an answer, and supplemental answer. A motion was then made to dismiss the bill on the merits, for the reason that the

same "fails to state facts sufficient to constitute a cause of action in equity," and for the further reason that the facts sought to be adjudicated by the said complaint are res judicata. The District Judge dismissed the bill upon the merits.

[1] It does not appear that the District Judge has held that "the facts sought to be adjudicated by the appellant are res judicata," and apparently this part of the relief sought was not granted. The claim of the appellee was that, because of the decision of this court in Bayley & Sons, Inc., v. Standard Art Glass Co., 249 Fed. 478, —— C. C. A. ——, the court having passed adversely to the claim of invention in the patent in suit, this action is not maintainable. This claim is untenable. The present action is between different parties and the complainant is entitled to present its proof, including such additional evidence in amplification as it may have, in addition to that offered in the trial of Bayley & Sons, Inc., v. Standard Art Glass Co. The District Judge would be obliged, of course, to be guided by what has been held by this court in our decision in that case.

[2-4] The amended complaint alleged the incorporation of the plaintiff, facts sufficient to justify the jurisdiction of this court, the issuance of the patent, and the date thereof, together with the recital of the assignment to plaintiff.

In the fifth paragraph it is alleged that when the fixture was placed upon the market, embodying the design patent thus issued, it sprang into instant popularity, resulting in large sales, creating a large and profitable business in the sale of said fixtures to this plaintiff.

In paragraph 6 it is alleged that in defiance of the plaintiff's rights thus secured by his patent, and the benefits obtained by its popularity in the trade, the defendants manufactured, sold, and exposed for sale electric lighting fixtures, which were substantial duplicates of the plaintiff's patent and fixtures and they have derived unusual gains and profits from such infringement, damaging the plaintiff thereby.

In paragraph 7 it is alleged that the defendants' electric light fixtures, which they placed on the market, were such a close copy of the plaintiff's as to make it difficult to determine defendants' article from the genuine, and that, contrary to the plaintiff's wishes and demands, the defendants persist in a continued infringement. It is further alleged that all this was done without license or consent of the plaintiff. This, standing alone, is sufficient to charge that appellant has a valid patent, and the infringement of the patent.

In paragraph 10 it is alleged that in an action upon the same patent tried in the District Court for the Southern District of New York (246 Fed. 314), in which the appellant here was there the plaintiff, and Braunstein Bros. Company the defendant, a decree was granted and entered, holding the patent valid and infringed.

By his supplemental answer the defendants alleged that upon appeal this decision of the District Court was reversed, and it was held that the patent was invalid and void. See Bayley & Sons v. Standard Art Glass Co., 249 Fed. 478, —— C. C. A. ——. The allegation set forth in the tenth paragraph of the complaint is not essential to the plaintiff's success here. It may have been omitted. If the appellee

desired to raise the question which apparently his counsel had in mind when the motion was made to dismiss before the court below, it could be presented by a general demurrer, after demanding profert of the patent. However, we have not here in the record, nor was there produced or attached to the bill of complaint for the court below, a copy of the patent as issued. The appellee rests his right to dismissal here because "said bill of complaint fails to state a cause of action." Unless it is possible to conceive that, even if all the allegations in the bill are true, the bill must be dismissed at the hearing, a court of equity will not sustain a demurrer when interposed, nor will it dismiss a bill. Kansas v. Colorado, 185 U. S. 125, 22 Sup. Ct. 552, 46 L. Ed. 838.

In Ralston Steel Car Co. v. National Dump Car Co. (D. C.) 222 Fed. 590, it is said:

"Under our practice, the federal courts are inclined to allow a case in equity involving important matters to go to issue and proofs, where a doubtful question is raised by the pleadings. It has been the practice to overrule a demurrer, unless it is founded upon an absolutely clear proposition that, taking the allegations to be true, the bill must be dismissed at the hearing."

The practice which prevails in the courts of equity, in disposing of motions to dismiss bills because the bill does not set forth facts sufficient to constitute a cause of action, is to overrule the motion and let the case go to hearing, unless it is made absolutely clear that, taking all the allegations to be true, the bill must be dismissed at the hearing. The appellant contends that, upon the trial, it intends to go back of two of the patents, and produce such additional evidence as would result in sustaining the patent in this action.

In view of this prospect, and, further, that the bill on its face set forth facts sufficient to constitute a cause of action, we are of the opinion that the District Judge erroneously granted the motion, and the order is therefore reversed.