## BONNIE-B CO., Inc., v. GIGUET et al.

(District Court, S. D. New York. June 17, 1919.)

1. **Patents** ⚙⟲313—**Invalidity must be obvious to warrant dismissal of bill.**
   Bill for infringement of a patent cannot be dismissed on motion, because the patent is invalid on its face, unless the invalidity is obvious and the question is not fairly arguable.

2. **Patents** ⚙⟲35—**Commercial success may show patentability of simple article.**
   The patentability of an article is frequently more difficult to determine when the invention claimed is simple, and in such cases invention is often found by the aid of commercial utility in resolving the doubt as to patentability.

3. **Patents** ⚙⟲328—**1,293,221, for veil, held not obviously invalid on its face.** ·
   The Silverberg patent, No. 1,293,221, for a veil adapted for use as both a face and hair or hat covering, *held* not so obviously invalid on its face as to warrant dismissal of a suit for infringement on that ground, in view of the commercial success of the article, even though its validity would be too doubtful to warrant a preliminary injunction.

4. **Patents** ⚙⟲313—**Motion to dismiss does not raise question of infringement.**
   A motion to dismiss a bill for infringement of a patent, because the patent is invalid on its face, does not bring up questions of infringement, so as to authorize a determination of whether defendants are contributory infringers.

5. **Patents** ⚙⟲316—**Circulars warning trade against infringement held too broad.** ·
   Circulars by patentee, warning the trade against infringement, which warned against selling a veil with an elastic cord, or one similar to complainant's veil, are too broad, where the patent was limited to a specific position of the elastic cord.

6. **Patents** ⚙⟲316—**Patentee cannot be enjoined from circularizing the trade.**
   Defendants in a suit for infringement of a patent cannot have the complainant enjoined from sending to the trade circulars warning against infringement, which are limited to the claims of the patent, since that is clearly within the plaintiff's rights, and defendants have the right to counter circularize the trade.

In Equity. Suit by the Bonnie-B Company, Incorporated, against Julien Giguet and another, for infringement of a patent. On rehearing and reargument on motion to dismiss the bill. Motion denied.

See, also, 269 Fed. 275.

Steuart & Perry, of New York City (James L. Steuart and Sidney R. Perry, both of New York City, of counsel), for plaintiff.

Gerard B. Townsend, of New York City (Rogers, Kennedy & Campbell, of New York City, of counsel), for defendant Giguet.

Davies, Auerbach & Cornell, of New York City (Warner B. Matteson and Martin A. Schenck, both of New York City, of counsel), for defendant F. W. Woolworth Co.

MAYER, District Judge. "My invention" states the patentee, "relates to a veil adapted to be used by women to cover the face, or face and front hair, or face and hat, as the purpose of use may require." The patentee further states:

⚙⟲For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes.

"I am aware that hair nets of textile material and provided with a circuitous elastic cord substantially like the veil described by me have been used to confine the hair at the back of the head or on the top thereof; but I believe that I am the first to suggest the use of such nets as a veil is used over the face and head in position beneath the chin, and over the front part of the head or hat, as the case may be, for the dual purpose of protecting or ornamenting the face of the wearer, or for any other purpose for which a veil may be worn, and at the same time confining the front hair and holding the hat or other head covering in position. I therefore do not claim such netting with elastic confinement broadly for any purpose, but I have limited my claim to the use of said article as a veil, and for the specific purpose and uses stated; that is to say, as a veil with the dual purpose of covering the face, or face and head covering, and securing the same under the chin of the wearer and over the head or head covering, as the case may require."

The single claim of the patent is:

"A veil for the purposes described, comprising a piece of open mesh fabric of a size to cover the face and head of the wearer, provided around its entire outer edge.with an elastic cord secured thereto, whereby said veil is retained in proper position in use, solely by said elastic cord."

[1] The general principles governing the dismissal of bills for patent infringement, where the patent is invalid on its face, are sufficiently familiar not to require elaborate restatement. Richards v. Chase Elevator Co., 158 U. S. 299, 15 Sup. Ct. 831, 39 L. Ed. 991; Fowler v. City of New York et al., 121 Fed. 747, 58 C. C. A. 113; Kuhn et al. v. Lock-Stub Check Co., 165 Fed. 445, 91 C. C. A. 389; Fernald v. Oneida Nat. Chuck Co. (C. C.) 167 Fed. 559, affirmed Fernard v. Oneida Nat. Chuck Co., 174 Fed. 1020, 98 C. C. A. 664; Mallinson et al. v. Ryan (D. C.) 242 Fed. 951; Bayley & Sons v. Blumberg, 254 Fed. 696, 166 C. C. A. 194. For such a motion to prevail, the invalidity must be obvious and the question must not be fairly arguable. Where there is a really debatable pro and con, the motion must be denied.

[2] It is the experience of the courts that some of the most troublesome cases in which to determine whether invention resides in the patent are those which involve the simplest expedients. The reason is that the more easily a patent is understood the more difficult it is to relate the mind back to the state of the art as it existed at the time of invention. Thus it happens that invention is often found by the aid of commercial utility in resolving the doubt as to patentability, or by the fact, inter alia, that an article of manufacture long known is so rearranged as to be adapted to an entirely new use, which no one disclosed up to the time in question.

[3] In the case at bar, it is conceded that hair nets and veils were very old, and whether what Silverberg did was invention would be entirely too doubtful, for instance, to warrant the granting of a motion for preliminary injunction; yet the fact that the structure differs, even though slightly, from the prior art, and the further fact that the device met with marked success at the outset and has attained pronounced commercial utility, are sufficient to deter the court from dismissing the bill without that further light which a trial will disclose. Chinnock v. Paterson P. & S. Tel. Co., 112 Fed. 531, 50 C. C. A. 384; Merwin on Patents, p. 351.

[4] The question as to whether or not defendants are contributory infringers is not now here for consideration. The motion to dismiss is to be determined solely from the face of the patent and does not at this time bring up questions of infringement. Plaintiff has sued promptly. It has not circularized the trade, while itself not running the risk of litigation; but, by commencing suit in a court of competent jurisdiction, plaintiff has proceeded with due expedition to test and enforce what it claims are its rights.

[5] Defendants also seek to enjoin plaintiff from notifying the trade as to alleged infringement by means of a circular which it is urged is objectionable. As these circulars or notices are widely distributed to a trade probably not familiar with patent technique, careful analysis indicates that the language may be too broad. The phrase "sell a veil with an elastic cord" is not sufficiently limited, and may inadvertently lead to misunderstanding; and the statement, "According to the patent any one selling * * * a veil similar to the Bonnie-B veil is liable to suit for infringement," might convey to the uninformed the meaning that the patent per se provided that a person selling a similar veil was liable to suit.

These parts or postscript of the circular should be changed, so as to read in substance:

"P. S.—The U. S. Patent Office, Washington, D. C., has granted U. S. Patent No. 1,293,221 on our Bonnie-B veil. This patent is for a veil comprising a piece of open mesh fabric of a size to cover the face and head of the wearer, provided around its entire outer edge with an elastic cord secured thereto, whereby said veil is retained in proper position in use solely by said elastic cord. * * * By virtue of the rights we claim under the patent, we hereby give notice that any one selling or offering for sale, a veil similar to the Bonnie-B veil is liable to suit for infringement."

[6] If the circular shall be amended in substance, as suggested, the motion to enjoin will be denied, for the reason that plaintiff will then be clearly within its rights, and defendants always have the right to counter circularize the trade.

Defendants assert most earnestly that delay over the summer will seriously injure their trade, for which injury, if ultimately successful, they will be without remedy. I have repeatedly pointed out that usually cases involving garment wear should be speedily disposed of, because, often, the vogue is temporary, and ordinarily I should set the case for trial at an early date; but, owing to approaching vacation, any application to advance the cause should be made to the judge holding equity trials, who will be more familiar with the calendar status and with the propriety and possibility of advancing the trial.

Motion denied. Submit order on two days' notice.