## DUBILIER CONDENSER CORPORATION v. NEW YORK COIL CO.

Circuit Court of Appeals, Second Circuit. July 19, 1927.

No. 371.

1. Patents ⬅328—1,571,501, claims 5 and 6, for electric condenser, held not so clearly invalid, for anticipation, as to warrant dismissal of infringement suit.

Van Deventer patent, No. 1,571,501, claims 5 and 6, for an electric condenser, *held* not so clearly invalid, because of anticipation, as to warrant dismissal of suit for infringement thereof on that ground.

2. Patents ⬅51(1)—Condition of art before and after invention appears is safest test of patentability.

Safest test of patentability of invention is the condition of the art before and after such invention appears; at least, that is an immeasurably safer test, when available, than

any a priori conclusions as to what is or is not an obvious step.

**3. Patents ⚬⟹313—Only In plainest case can invalidity of patent be ascertained merely on its face, so as to authorize dismissal of infringement suit.**

It is only in the plainest cases that the invalidity of a patent can be ascertained merely on its face, so as to authorize dismissal of suit for infringement thereof.

Appeal from the District Court of the United States for the Southern District of New York.

Patent infringement suit by the Dubilier Condenser Corporation against the New York Coil Company. Decree for defendant, and plaintiff appeals. Reversed and remanded, with instructions.

The bill was in usual form for the infringement of claims 5 and 6 of a patent to Henry R. Van Deventer (1,571,501), for an electrical condenser. The suit was consolidated with another based upon an earlier patent to William Dubilier (1,497,095), likewise for an electrical condenser. Thereupon the defendant moved to dismiss the suit upon Van Deventer's patent on the ground that Dubilier's was an anticipation. The court dismissed the bill on this ground.

Van Deventer's condenser was built of alternate, superimposed sheets of conductive and dielectric material, with an orifice in each. Through the orifices ran a metal tubular rivet, which was overset at either end to establish a high pressure upon all the sheets. Around the outside of the whole was a metal cap or casing turned in at the top and bottom, but not in contact with the rivet. Underneath the bottom of the cap was a metal lug surrounding the tubular rivet, not in contact with it, but in contact with the under side of the casing. Alternate sheets of the conductive material were in contact with the tubular rivet, and the other sheets with the casing. The lug, being in contact with the casing, was used as one terminal, and the tubular rivet as the other.

Dubilier's condenser was also built up of alternate sheets of conductive and dielectric material, held under strong pressure by two tubular rivets overset at both ends. Alternate conductive sheets were in contact with one rivet, and the other sheets with the other rivet. A casing grasped each end of the condenser in contact with both ends of the rivet on that side. There was no lug, and the two rivets were intended as the terminals. The casings, if of metal, as suggested, would, electrically speaking, have answered as terminals as well as the rivets, but the casing on one side could not have been used as one terminal and the rivet on the same side as the other. Moreover, there was no convenient mechanical way by which the casing could be used at all as a terminal, nor was it so intended.

William F. Nickel, of New York City, for appellant.

Emery, Booth, Janney & Varney, of New York City (Joshua R. H. Potts and George B. Parkinson, both of Chicago, Ill., and Herman Seid, of Philadelphia, Pa., of counsel), for appellee.

Before MANTON, L. HAND, and SWAN, Circuit Judges.

L. HAND, Circuit Judge. [1] We pass the question whether, when suit is brought upon two patents in one bill, the earlier may be taken as an anticipation of the later. For the sake of argument we shall assume that this is permissible. Nevertheless we think that the issue of invalidity is not so clear in the case at bar as to deprive the plaintiff of any opportunity to try its case.

The structure of the two condensers is concededly in some respects different. The terminals of Van Deventer are the tubular rivet and the lug in contact with the outer casing. Those of Dubilier are the two tubular rivets themselves. The question is whether these acknowledged differences in structure would upon any evidence make Van Deventer's disclosure a patentable improvement over Dubilier's. Verbally his claims in suit, 5 and 6, cannot be made to read on the earlier disclosure. We must therefore say, if we are to affirm the decree, that the changes are such as must inevitably be within the ingenuity of the ordinary artisan. However tempting it may be so to conclude by mere inspection of the two condensers, it seems to us too hazardous.

[2] Van Deventer's condenser may, if one choose, be regarded as no more than a more compact form of Dubilier's. He left out one of the rivets and used the casing as a terminal of opposite polarity. Nevertheless this required an internal rearrangement of the condenser itself, and, while his notion and its execution may seem obvious, we cannot say that it was inevitably within the powers of the ordinary journeyman. Suppose the proof should be that Dubilier's condenser was at once superseded by Van Deventer's, because the art especially needed a condenser of as small size as possible. Must we say that the man who eliminated one rivet and used the casing in its place made no invention? In all

inventions the safest test is the condition of the art before and after the putative invention appears. At least that is an immeasurably safer test, when available, than any à priori conclusions as to what is or is not an obvious step. To the last we should not resort, except in cases of absolute necessity.

[3] We do not mean even remotely to indicate that the claims in suit are valid. That cannot be told until the proof is in, but it is only in the plainest cases that the invalidity of a patent can be ascertained merely on its face. International Mausoleum Co. v. Sievert, 213 F. 225 (C. C. A. 6); Bonnie–B. Co. v. Giguet (D. C.) 269 F. 272, affirmed 269 F. 1021 (C. C. A. 2); Bayley v. Blumberg, 254 F. 696 (C. C. A. 2); Scott v. Aristo (D. C.) 266 F. 382. While it is true that we have here, not only such common knowledge as we may take judicial notice of, but a part of the prior art, the case seems to us to fall within the principle of the cases just cited.

Decree reversed, and cause remanded, with instructions that the defendant shall answer the bill.