**DEITEL et al. v. LA MINUETTE TRADING CO. et al.**

Circuit Court of Appeals, Second Circuit.
January 6, 1930.

No. 125.

W. P. Preble, of New York City, for appellants.

Lester F. Dittenhoefer, of New York City, for appellees.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge. This is the ordinary suit for patent infringement. The parties submitted to the District Judge a specimen of the defendants' device alleged in the complaint to infringe the patent, and stipulated that such device might be used on a motion to dismiss the bill. The motion to dismiss was made on the ground that the complaint did not state facts sufficient to entitle the complainants to any relief because defendants' device did not come within the scope of the patent. The motion was made upon the bill as amplified by the defendants' commercial device and the court dismissed the suit for noninfringement.

It is evident from the foregoing that the subjects for consideration are the patent itself and defendants' alleged infringing structure. In other words, we can have no recourse to the prior art.

The patent carries with it the presumption of validity, which was not questioned by the motion in the court below and is not questioned on this appeal. The issue before us is whether the claim relied on is broad enough *on its face* to cover the defendants' device. That claim, which is claim 6 of the patent, reads as follows:

"A book form savings bank comprising a case formed with slots in the sides thereof, a covering for said case simulating the binding of a book, stiffening boards for said cover, and tongues stamped from the body of each board and adapted to extend thru said case to detachably secure the covering thereto."

The infringing device is not a savings bank but a vanity case. It has no aperture wherein to insert coins, and is not locked. It is not even clasped in a way difficult to open, and is poorly fitted for use as a bank. On the other hand, it is structurally a compact, readily assembled and disassembled device in book form in which coins or other small articles might be kept. It differs from the savings bank of the claim principally because a skeleton frame is used in place of the case mentioned in the patent, and this frame has no slots, such as are described and illustrated, but only a single large orifice left in the frame work on each side. In other words, it may be contended that there is no case properly speaking, and that there are no slots in the sides of the case within the meaning of the claim.

But while it may be true that defendants' structure is not literally within the terms of claim 6, yet it might be held to infringe if

42

the claim were construed broadly enough, for the assembled structures produce much the same result. The most significant difference is that the patentee's case has sides strengthened by stiffening boards instead of an open frame. We have no adequate means of determining the scope of claim 6 without knowledge of the prior art and the limitations, if any, which may have been imposed upon the claim in its progress through the Patent Office. As the matter stands, we are obliged to indulge in every presumption in its favor which may be derived from any proof that complainants might be able to make upon a trial. We do not mean by saying this to suggest that the claim relied on is infringed. We simply hold that this cannot be properly determined until final hearing, when all proof bearing upon the construction of the claim can be produced. International Mausoleum Co. v. Sievert (C. C. A.) 213 F. 225; Bayley & Sons v. Blumberg (C. C. A.) 254 F. 696; Dubilier Condenser Corporation v. New York Coil Co. (C. C. A.) 20 F.(2d) 723.

But it is argued that the claim in suit and the invention disclosed in the specification are limited to savings banks, and cannot by the very terms of the patent cover a vanity case, or, for that matter, any article other than a savings bank. The use for which a device is intended is not the measure of a patentee's right. He may ordinarily claim every use to which the product can be applied, irrespective of whether he had it in mind at the time he made the invention. Western Electric Co. v. La Rue, 139 U. S. 601, 11 S. Ct. 670, 35 L. Ed. 294; Winans v. Denmead, 15 How. 330, 14 L. Ed. 717; Kohler v. Cline Electric Mfg. Co. (D. C.) 28 F.(2d) at page 405, affirmed (C. C. A.) 27 F.(2d) 638; Dwight & Lloyd Sintering Co. v. Greenawalt (C. C. A.) 27 F.(2d) 823, at page 828. We are not saying that an inventor may not specifically limit his invention to a certain field and dedicate everything else to the public. McClain v. Ortmayer, 141 U. S. 419, 12 S. Ct. 76, 35 L. Ed. 800. And it was apparently held by a divided court in Motion Picture Patents Co. v. Independent Moving Pictures Co. (C. C. A.) 200 F. 411, that a patentee had done this. Not only, however, is the general presumption against any such limitation, but in the patent in suit it is said: "My invention possesses other objects and features of advantage, some of which, with the foregoing, will be set forth in the following description of my invention." Page 1, line 20. See Winans v. Denmead, 15 How. 330, 14 L. Ed. 717.

The question therefore is, Does the structure of the vanity cases put out by defendants come within a fair reading of the invention described in the specification and defined by the claim? In Bankers' Utilities Co., Inc., v. Pacific National Bank (C. C. A.) 18 F.(2d) 16, 18, the only contest was over the validity of the patent, for infringement was admitted. Judge Dietrich, writing for the Court of Appeals of the Ninth Circuit, said the patent on the record there presented was not "basic," and that the limits were "fairly defined in claim No. 6." But we have no reason to suppose that the device of the defendant in that case was not a copy of the patentee's bank as described and illustrated in the specification, and we are afforded no basis on the bare face of the patent itself for construing the claims.

It is impracticable to pass upon the scope of the patent before us upon a motion to dismiss the bill. Proof should be taken and the issue determined at final hearing.

The decree is reversed, with leave to the defendants to answer.