## J. A. DEKNATEL & SON, Inc., v. THEO. L. STERN & CO., Inc.

District Court, S. D. New York.
July 27, 1934.

Ramsey & Kent and George Ramsey, all of New York City (George M. Dowe, of New York City, of counsel), for plaintiff.

Levisohn, Niner & Levisohn, of New York City (Edwin Levisohn and Henry L. Burkitt, both of New York City, of counsel), for defendant.

COXE, District Judge.

This is a suit for alleged infringement of the Morgenthaler patent, No. 1,371,925, for an identification device, granted March 15, 1921, on an application filed March 15, 1920. The patent is now owned by the plaintiff, under assignment from the patentee, dated July 9, 1925.

The invention relates to devices for identifying babies in hospitals, and the stated object is "to provide an identification device which can be readily assembled to

indicate the name of the child, and which can be quickly and easily positioned around the neck or arm of the child and sealed so as to prevent possibility of mistake." The device itself consists of a series of perforated, lettered beads assembled on a string and arranged in such a way as to spell out a name or identifying initials, and having the ends of the string sealed with a soft metal seal to insure against accidental loss or disconnection.

The patent has four claims, and all are relied on. Claim 4 is fairly typical, and reads as follows: "4. As a new article of manufacture, an identification device for infants, consisting of a cord, a series of spacing beads on the cord, a series of lettered beads on the cord arranged together to spell a name, and a seal joining the ends of the cord, preventing the removal of the device or the disarrangement of the beads."

The defenses are invalidity and noninfringement.

Under the prior hospital practice, the identification of new born babies was usually by means of wristlets, metal necklaces, adhesive plaster, toe and thumb prints, or other similar devices. None of these was, however, satisfactory; and the Morgenthaler device appears, therefore, to have supplied a real need, due principally to the certainty of its identification.

The patented device is sold unassembled, in a conveniently arranged cabinet; and when an expectant mother arrives at the hospital to give birth to a child, the nurse quickly prepares one of the necklaces for immediate application when the child is born. The device has been extensively used in routine hospital practice; and there was testimony that cabinets had been sold by the plaintiff to 1,628 hospitals in the United States, Canada, and foreign countries, with aggregate gross sales of beads, strings, and seals, since 1920, amounting to more than $1,000,000.

The prior art shows necklaces, chains, beads, and seals, in almost every conceivable form, shape, and design; and certainly there was nothing new in the general idea of using lettered beads in necklaces or chains for ornamental purposes. Did it then constitute invention to use such lettered beads in an identification device for babies? Manifestly, such a device, if used as an ornamental necklace, or worn as a chain, would be anticipated by the prior art references; and plainly there would be

no invention in a dog collar composed of lettered links or beads. I think it is clear, therefore, that the use of lettered beads in an identification device for babies does not constitute invention; for it is well settled that "the use for which a device is intended is not the measure of a patentee's right." Deitel v. La Minuette Trading Co. (C. C. A.) 37 F.(2d) 41, 42.

There may be a decree declaring claims 1, 2, 3, and 4, of patent No. 1,371,925, invalid for lack of invention, and dismissing the complaint, with costs.