## MALMSTEAD v. WARNER BROS. CO.
### No. 277.

Circuit Court of Appeals, Second Circuit.

April 10, 1939

George T. Gill, of New York City, for appellant.

Merrell E. Clark, E. Cummings Sanborn, and Charles H. Walker, all of New York City, for appellee.

Before L. HAND, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

PER CURIAM.

The word, "uplift" in claims eight and ten of the patent in suit, when read upon the specifications, is not entirely plain. It might mean pouches, or cups, which hold the breasts, as in any ordinary brassière; or it might mean the "lining piece, 23" (page two, lines 40, 41) which is drawn "up over the breasts", and which "constitutes the uplift" (page two, line 43). Obviously, if the second reading be the right one, the defendant does not infringe, for it has no "lining-piece" whatever, and of course none supported by the "loops, 21", and the "shoulder-straps, 22". It may well be that if claims eight and ten are limited as we suggest, they are valid: at any rate, in what we say, we do not wish to be understood to hold the contrary. It is impossible, however, to extend that grace to claim nine, because it defines "uplift" as "consisting of two pouches for supporting the breasts".

At any rate, all three claims, if the defendant is to infringe, are merely for the insertion between the breast-cups of an ordinary brassière, of a triangular piece of vertically elastic material, which shall come to a point between the cups, and spread out sidewise below them; they can get no support from the combination of girdle and brassière into one garment, with whatever coöperation between the two that insured. So read, we agree with Judge Hincks in thinking that they are invalid; and to sustain that position we need go no further than Duff's disclosure in Patent No. 1,840,937, which appeared only a few months before Malmstead's application was filed. There can be not the slightest question that the "front-member, 10", of figures one, two and three of Duff's disclosure was intended to stretch only vertically: "the front-member is stretchable longitudinally, making it possible for the garment in use to properly fit bodies of different length waist lines" (page two, lines 103–104). For the purposes of this suit we are to suppose that this "combined girdle and brassière" is cut at the line, 21, just as the "fundamental garment" of the patent in suit must be cut to cover the supposed infringement. If that be done, the claims in suit read upon Duff, element by element, for none of them prescribes shoulder-straps, as do claims four, five and six of the plaintiff's patent. To this the plaintiff makes two answers: first, that the other parts of Duff's garment are also "stretchable", and only in one direction (page one, lines 71–77). The defendant replies that, as this "stretchability" is only a "preferred" form, the invention necessarily includes a brassière in which only the triangular piece is "stretchable". We agree. The reason for making any other "stretchability" optional is obvious; since Duff's brassière is connected with his girdle only by the "front-member, 10", that alone need yield to accommodate the whole garment to different figures, yet it might help towards that end if the other parts also would stretch. The plaintiff's second answer is that Duff did not understand the function of his elastic insertion, as the plaintiff later disclosed it: it is to promote ease in breathing by freeing the movement of the ribs. Though true, that is irrelevant, for—at least in the case of mechanical and chemical inventions—a new use for an old thing can never be patentable. Courts have not, indeed, always observed this limitation, but it is none the less true without exception, for, as we have many times said, the statute itself provides that only an "art, machine, manufacture, or composition" shall be patentable. § 31, Title 35 U.S.Code, 35 U.S.C.A. § 31. Dwight & Lloyd Sintering Co. v. Greenawalt, 2 Cir., 27 F.2d 823, 828; Deitel v. La Minuette Trading Co., 2 Cir., 37 F.2d 41; Hookless Fastener Co. v. G. E. Prentice Mfg. Co., 2 Cir., 68 F.2d 940; Ingersoll-Rand Co. v. Worthington Pump & Machinery Corp., 2 Cir., 87 F.2d 320. How far a patent for an "art"—a process or a method—is an exception to the absoluteness of this, we need not consider; we are dealing with a "manufacture".

Decree affirmed.