AUTO VACUUM FREEZER CO. v. WILLIAM A. SEXTON CO.

(Circuit Court of Appeals, Second Circuit. February 27, 1917.)

1. PATENTS ⊕⟿328—VALIDITY AND INVENTION—ICE CREAM FREEZER.

The McCann patent, No. 1,013,672, for an ice cream freezer, discloses invention and covers a simple and efficient structure, constructed entirely of tin plate, which practically produced a new industry and is entitled to a broad and generous construction of its claims. Claims 3 and 5 also *held* infringed.

2. PATENTS ⊕⟿157(2)—CONSTRUCTION—CONSTRUCTION TO GIVE VALIDITY.

When a patentee has produced a structure which ·inaugurates a new industry and at once becomes popular, and therefore of great value, a court should be zealous to so construe the claims as to give validity to what it believes to be a meritorious invention.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 231.]

3. PATENTS ⊕⟿245—INFRINGEMENT—SUBSTITUTING EQUIVALENT ELEMENTS IN COMBINATION.

Infringement is not avoided by the omission of an element of the patented combination, if the same result is accomplished in substantially the same way by the substitution of equivalent means. or by the introduction of other devices and features which do not change the operation of the combination or the result attained.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 386.]   •

Appeal from the District Court of the United States for the Southern District of New York.

Suit in equity by the Auto Vacuum Freezer Company against the William A. Sexton Company. Decree for complainant, and defendant appeals. Affirmed.

Samuel E. Darby, of New York City, for appellant.

Edmonds & Peck, of New York City (Philip C. Peck, of New York City, of counsel), for appellee.

Before COXE, ROGERS, and HOUGH, Circuit Judges.

COXE, Circuit Judge. This is an appeal by the defendant from a decree holding that claims 3 and 5 of the patent to William B. McCann for an ice cream freezer are valid and infringed. The defenses are lack of invention, anticipation and noninfringement. No experts were called for the reason, which clearly appears, that the patented structure is so simple that no technical knowledge was needed. This is a practice which should be encouraged in mechanical patent cases, where the construction is obvious and easily understood. It saves time, labor and expense.

[1] The patent in suit, No. 1,013,672, was granted January 2, 1912, and is for an ice cream freezer in which the freezing mixture and a

⊕⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

freezable mixture are placed in contiguous closed compartments of a portable receptacle. The object of the inventor was—First, to separate these mixtures so that neither can be spilled over into the other. Second, to facilitate the distribution of the freezing mixture and its ingredients in their appropriate compartments during the operation of charging the freezer therewith. Third, to protect from wear and injury the top and bottom covers of the freezer standing on end and to insulate the contents from the heat of the external air. The description states further that the freezer is adapted to stand on either end without injury or spilling of its contents, that it can be inverted end for end during the process of freezing for the rearrangement of the freezing mixture and the detachment of the frozen cream from the inside walls of the chamber can be effected by the simple act of opening that chamber. The inventor states his object broadly to be the production of a superior freezer of the kind specified and proceeds to describe in detail the freezer as claimed by him. The claims in issue are as follows:

"3. An ice cream freezer, comprising an external double-walled cylinder having externally concave double-walled heads, projecting screw-threaded mouths in said double-walled heads, and double-walled screw caps closing said projecting mouths within the concavities of said externally concave double-walled heads."

"5. An ice cream freezer, comprising an external double-walled cylinder having externally concave double-walled heads, an outwardly projecting screw mouth through one of said externally concave double-walled heads, an internal cylinder having a screw mouth projecting through the other of said externally concave double-walled heads, and double-walled screw caps covering said projecting mouths within the external concavities of said externally concave double-walled heads respectively."

The practical result accomplished by plaintiff's freezer is the production of ice cream in about 20 minutes without any manipulation whatever. The cream is placed in its receptacle surrounded by a jacket of ice and in less than half an hour the ice cream is ready for consumption. The invention is simple and efficient. It dispenses entirely with the complicated and cumbersome structures of the prior art and brings the product within the means of those who cannot afford the expensive freezers previously used. It discards wood and heavy castings and uses only tin plate in its construction. In short, McCann made a freezer which has practically produced a new industry and he should be given a broad and generous construction of his claims. The court should be zealous to protect such a patent and not seek to defeat it by attempting to show that from the multitude of prior devices a similar structure might have been produced.

[2] The defendant has made an able and persuasive argument to show that the claims are not infringed for the reason that its freezer omits certain elements of the combinations covered by the claims in controversy. It is argued that the defendant does not have the element of the "projecting screw-threaded mouths" or the double-walled screw caps of the claims in controversy. In support of this contention counsel cites such leading cases as Fay v. Cordesman, 109 U. S. 408, 3 Sup. Ct. 236, 27 L. Ed. 979, Keystone Bridge Co. v. Iron Co., 95

U. S. 274, 24 L. Ed. 344. and Water Meter Co. v. Desper, 101 U. S. 332, 25 L. Ed. 1024. There can be no doubt as to the existence of the rule enunciated in these and many other authorities. But it is also true that when the patentee has produced a structure which inaugurates a new industry and at once becomes popular, and therefore of great value, the court should be zealous so to construe the claims as to give validity to what it believes to be a meritorious invention.

[3] The complainant had built up a large and flourishing business under its patent, when the defendant, with knowledge of the patent and the popularity of the complainant's freezer, began its infringement by copying the patented device even to minute details. There can be little doubt that the defendant, with full knowledge of the McCann patent, continued to copy the structure there described and claimed and offered it to the public as a patented freezer. In such circumstances the rule laid down in the cases above cited is relaxed to the extent of giving the patentee a range of equivalents sufficiently broad to hold as an infringer one who accomplishes the result by the same or similar means. The doctrine of the cases relied on by the defendant must be read in the light of the authorities which hold that even an element of a combination may be omitted if the defendant accomplishes the result by substituting equivalent means. If this were not so, claims for combinations could be easily evaded. This rule is clearly stated in Machine Co. v. Murphy, 97 U. S. 125, 24 L. Ed. 935, where the court says:

"So that if two devices do the same work in substantially the same way, and accomplish substantially the same result, they are the same, even though they differ in name, form, or shape."

The defendant admits that the first freezer made and sold by it infringed the claims in controversy but asserts that it has discontinued its manufacture and sale. This may be true, but the defendant may see fit to resume the sale, in which event an injunction will be a convenient weapon to prevent the infringement from proceeding far.

Regarding type B, the freezer sold by the defendant at the time this action was brought, there can be no doubt regarding its infringement of the claims if they are liberally construed and given a fair range of equivalents. The defendant's freezer and the McCann freezer "do the same work in substantially the same way, and accomplish the same result." This being so the introduction of other devices and features which do not change the operation of the combination or the result reached will not avail an infringer. It is true that the defendant does not have the double wall structure of the small covers but it accomplishes substantially the same result by exposing at all times but one of the single walled caps to the heat of the external air. The defendant states in one of its circulars as follows:

"The Easy Freezer is constructed with a thermic. insulation formed by double-walled construction .throughout, thus preventing heat from entering the freezing chamber and cold from leaving it. The result is a perfect refrigerating plant on a small scale."

We cannot agree with the proposition that the defendant can escape infringement by such inconsequential changes as are now sug-

gested. After asserting that its freezer is insulated by double walls "throughout" it now seeks to avoid infringement by showing that one of its caps exposes a single wall only to the heat of the outside air and to this extent, if at all, has impaired the usefulness of the cap. "But it is no less an infringement if it performs its primary function in practically the same way."

It is unnecessary to prolong this discussion. We are convinced that McCann made an important and useful improvement in the ice-cream freezing art by bringing the product within the means of thousands of people who previously were denied that luxury. McCann was the first to produce such a structure and the defendant undertook to appropriate the invention by making a freezer which was a palpable and admitted infringement. The infringing structure in this action is the result of another effort of the defendant to secure all the benefits of the McCann structure without the consent of its owner, by making a few formal inconsequential changes in no way altering the paramount and essential features of the invention.

The decree is affirmed with costs.