## DEITEL v. REICH–ASH CORPORATION et al. *
### No. 296.

Circuit Court of Appeals, Second Circuit.

April 11, 1932

* For opinion denying rehearing, see 58 F.(2d) 975.

W. P. Preble, of New York City, for appellant.

Thomas J. Johnston and Otto Munk, both of New York City (William F. Hall, of Washington, D. C., of counsel), for appellee Reich-Ash Corporation.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

This suit was brought on claim 6 of the patent issued July 3, 1923, to Butler F. Greer. All other claims of the patent as it originally issued had been disclaimed some time after a decision of the Ninth Circuit holding the patent valid as to claim 6 only. See Bankers' Utilities Co. v. Pacific National Bank (C. C. A.) 18 F.(2d) 16. We considered the patent on an appeal from an order granting a motion to dismiss and held that claim 6 was not limited to a book form savings bank. Deitel et al. v. La Minuette Trading Co. et al. (C. C. A.) 37 F.(2d) 41. In this case the District Court held claim 6 valid and no appeal was taken by the defendant. We shall, therefore, accept validity and scope to include a vanity case as having been previously established and consider the correctness of the finding of non-infringement.

The claim reads as follows: 6. "A book form savings bank comprising a case formed with slots in the sides thereof, a covering for said case simulating the binding of a book, stiffening boards for said cover, and tongues stamped from the body of each board and adapted to extend thru said slots and be bent over on the inside of said case to detachably secure the covering thereto."

The vanity case which is claimed to infringe is composed of two frame members fastened together at one side by a hinge with a suitable device at the opposite side to keep the members together when closed. The side members are no more than frames for both side walls are absent at this stage of construction. Only holes approximately the size and shape of the side walls appear in either frame member. These holes are

closed by sheets of stiffening material suitably covered to simulate the binding of a book and detachably secured to the frame members by bending tongues which are stamped out of the stiffening material over the inside of those members. The difference between the construction of the patent and that of the accused vanity case is that in the former the tongues are inserted through slots in the side walls of the article to be covered and then bent over while in the defendant's vanity case some of the tongues are first bent and pushed along the edges of the frame, but the net result is that all are inserted into the one big hole, the cut-out portion of the frame leaves exposed, and some are then bent over the inside of the walls of the frame. When the operation is finished the defendant has an article so made with bent tongues on detachable covers that it has every attribute of one made according to claim 6 of the patent when unlimited to use as a savings bank in accordance with our former decision. The multiple slots in the side walls for the insertion of tongues have been discarded for one large opening which takes all the tongues for exactly the same purpose. The cover may be readily detached by straightening some of the tongues in the defendant's case and reversing the process of sliding it on so that every useful feature of the patent has been appropriated. While it is true that this patent has a narrow scope, it has breadth enough to meet successfully what is virtually a copy of its construction. Compare International Time Recording Co. v. Dey (C. C. A.) 142 F. 736; Auto Vacuum Freezer Co. v. Sexton Co. (C. C. A.) 239 F. 898.

Some question as to the plaintiff's title being sufficient to maintain this suit was raised below but not decided in view of the finding of noninfringement. Should it become necessary, we will consider that after the plaintiff, if so advised, has moved to amend in the District Court and the matter has been disposed of there. See Independent Wireless Co. v. Radio Corp., 269 U. S. 459, 46 S. Ct. 166, 70 L. Ed. 357.

 A motion to dismiss this appeal for failure to comply with Equity Rule 75 (28 USCA § 723) will be denied since no jurisdictional question is involved; yet the record as presented does offend in some respects as pointed out in the motion and only half the costs which would otherwise be taxed for the record will be allowed.

Decree reversed.