## DEITEL v. REICH–ASH CORPORATION et al.

No. 296.

Circuit Court of Appeals, Second Circuit.

May 23, 1932.

W. P. Preble, of New York City, for appellant.

Thomas J. Johnston and Otto Munk, both of New York City (William F. Hall, of Washington, D. C., of counsel), for appellee Reich-Ash Corporation.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

CHASE, Circuit Judge.

The plaintiff proved himself to be an exclusive licensee under an agreement in writing with the patentee, dated March 16, 1929. No other right or interest in the patent was shown. His license was in terms "subject only to a license agreement with Bankers' Utilities Company, Inc., a corporation duly organized and existing under the laws of the State of California, for the exclusive right to manufacture and sell book form savings banks only." The bill of complaint contained the following paragraph:

"7. That, although as plaintiff is informed and believes, no assignments or other papers affecting the full legal, equitable and record title of the defendant Greer to said patent number 1,460,716 and to the invention described and claimed therein, have ever been recorded in the United States Patent Office, the defendant Greer subsequently to the issue of said patent, to wit, on August 1, 1923, gave an unrecorded ten year exclusive license to a corporation in San Francisco, California, to manufacture, use and vend, throughout the United States, book form savings banks only, which said license will expire by its own limitation on August 1, 1933, a copy of which is hereto annexed, marked 'Exhibit A.' "

The defendant answered admitting the execution of Exhibit A, but denied the other allegations of paragraph 7, and alleged that Exhibit A "transferred the whole of the invention of the patent to the assignee, or licensee."

The material portions of Exhibit A are:

"Now, therefore, the parties have agreed as follows:

"(1) That for and in consideration of the sum of Ten (10) Dollars lawful money of

the United States, receipt of which is hereby acknowledged, the party of the first part hereby licenses and empowers the party of the second part the exclusive right to make, use and vend the said invention throughout the United States and in no other place or places for the period of ten (10) years from the date hereof;

"(2) The Licensee. shall have the right to institute, or bring any suit or suits, which the Licensee may be advised to institute, or begin, for, or by reason of, the infringement of any of the inventions, or improvements, which are hereinbefore referred to, or the letters patent in respect thereof, and, for that purpose, shall have the right to use the name of the Licensor as a party complainant, either solely, or jointly with the Licensee's own name, provided, however, that such suit, or suits, shall be instituted, brought, maintained and conducted solely at the cost and expense of the Licensee; and it is agreed that any and all sums which may be received, obtained, collected or recovered in any such suit, or suits, whether by judgment, settlement, or otherwise, shall be the sole and exclusive property of the Licensee."

It is rather difficult to determine just what the plaintiff did claim as to his right to maintain this suit. Apparently his position was that he was an innocent purchaser for value from the patentee without notice of the actual rights of Bankers' Utilities Company, Inc., under its agreement, since that agreement was not recorded in the Patent Office. The trial court did not find it necessary to consider the matter, as its decree was put on the ground of noninfringement. If what has been indicated is the sole basis of the plaintiff's claim of right to maintain this suit, it is not enough. He was actually apprised of the fact that Bankers' Utilities, Inc., had some interest in the patent and took subject to that interest, although he may have been misled or deceived by the patentee into so doing. If so, that is a matter apart from whether the plaintiff actually now has sufficient title to maintain this suit. He must be charged with notice, so far as this case is concerned, of the rights of Bankers' Utilities, Inc. Rogers v. Adams, 119 Misc. Rep. 77, 195 N. Y. S. 772. On the face of the record as it now stands, he has no more than a license and even that subject to the agreement the patentee made with Bankers' Utilities, Inc. It is enough to point out now that as a mere licensee he has no title to the patent itself, and cannot sue in his own name for an infringement. Waterman v. MacKenzie, 138 U. S. 252, 11 S. Ct. 334, 34 L. Ed. 923. He must make the owner of the patent when the infringements were committed a party to the suit. Crown Die & Tool Co. v. Nye Tool & Machine Works, 261 U. S. 24, 43 S. Ct. 254, 67 L. Ed. 516. Since this phase of the case has never been decided by the District Court and the plaintiff should be given an opportunity to plead his cause there, we adhere to our former view that there should now be a remand to enable the plaintiff to perfect his action, if he can, either by alleging and proving that he was in fact the owner of the patent, or by making the owner a party. If he does neither, he will be cast.

Petition for rehearing denied.