## DEITEL v. REICH-ASH CORPORATION et al.

### No. 358.

Circuit Court of Appeals, Second Circuit.

April 10, 1933.

William P. Preble, of New York City, for appellant.

William F. Hall, of Washington, D. C., and Otto Munk, of New York City, for appellees.

C. P. Goepel, of New York City, amicus curiæ.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

L. HAND, Circuit Judge.

Deitel sued the defendant for the infringement of a patent issued to one Greer on July 3, 1923, for a "book-form savings bank," the specifications and the claims so reading. He based his title upon an instrument executed to him by Greer on March 16, 1929, by which Greer, in consideration of certain rights not here important, sold and assigned to him "the exclusive right throughout the United States, its territories and dependencies and in all countries foreign to the United States, to use, manufacture and sell, or license others to use, manufacture and sell, vanity cases embodying features of construction disclosed and claimed * * * for the full term of said patent." Greer agreed that upon notice that the patent was being infringed by the making of vanity cases, he would bring suit at his own cost, in which, however, Deitel should be allowed to associate himself. Before this, on August 1, 1923, Greer had given a license under the same patent to the Bankers' Utilities Company which recited its issuance "for book-form savings banks," and provided that Greer "licenses and empowers the party of the second part the exclusive right to make, use and vend the said invention throughout the United States and in no other place or places for the period of ten years." The licensee might bring suits in Greer's name, or in his and its own, at its own cost, and was to retain any recovery.

Deitel, who was informed by his own license of the earlier license, though it was not recorded, joined Greer as party defendant, but did not serve him. The bill was dismissed, Deitel appealed, and we reversed the decree, 57 F.(2d) 708, following our earlier decision in Deitel v. Laminuette Trading Co., 37 F.(2d) 41, which held that a vanity case, the infringing article, was within the claim in suit, number six. As to Deitel's title, we said that the issue had not been thoroughly presented below and for that reason we remanded the cause, a position to which we adhered on rehearing, though we said that as the documents then read, the title was bad. In the District Court after remand Deitel merely changed the position of Greer from defendant to plaintiff, relying upon Independent Wireless Co. v. Radio Co., 269 U. S. 459, 46 S. Ct. 166, 70 L. Ed. 357. He

did not serve him, or put in any other evidence; no doubt because he had none. The judge again dismissed the bill and Deitel appealed.

We need really do no more than refer to what we said in disposing of the petition for rehearing, 58 F.(2d) 975, for the record is in substance just what it was. We may assume that it was permissible under the doctrine of Independent Wireless Co. v. Radio Co., supra, 269 U. S. 459, 46 S. Ct. 166, 70 L. Ed. 357, to change Greer's name from defendant to plaintiff, since he had agreed to prosecute infringements so far as they were vanity cases. The addition as plaintiff of the patentee's name to the caption without his consent, is justified on the theory, as we understand it, that by the license he has made the licensee his attorney so to appear for him. Although Deitel's license provided, not for that, but that Greer should himself prosecute, this is to be regarded as the equivalent of such a power and authorized the procedure adopted. It must, we should suppose, estop Greer, else it would be an idle gesture.

But though we assume that the case is the same as though Greer had appeared as party plaintiff along with Deitel, the defendant may still prove any defects in the title so shown to which Greer would be subject if he sued alone, and had never licensed Deitel. If the earlier license to the Bankers' Utilities Company assigned Greer's rights, he could not sue. Whether it was an assignment under the rule in Waterman v. Mackenzie, 138 U. S. 252, 11 S. Ct. 334, 34 L. Ed. 923, depends upon whether an exclusive license for part of the term of the monopoly is a complete assignment for that period, as a license for a part of the United States is an assignment for the territory prescribed. That question we need not answer; we may assume that it was not an assignment upon which the Bankers' Utilities Company might have sued in its own name, but that it would have to join Greer. Still, it gave the licensee the sole right to make, sell and use the invention for the term of the license. The substantive right to any or all of these activities was not indeed conveyed; they were of common right, Continental Paper Bag Co. v. Eastern Paper Bag Co., 210 U. S. 405, 28 S. Ct. 748, 52 L. Ed. 1122, though the monopoly cannot be enjoyed independently of them, Crown Co. v. Nye Tool Works, 261 U. S. 24, 43 S. Ct. 254, 67 L. Ed. 516. But Greer's license to the Utilities Company not only freed it of the monopoly, but, being, exclusive, gave it an interest in the monopoly itself, that is, in preventing others from making, selling and using "book-form savings banks." This was its necessary meaning, and is indeed the presupposition of Deitel's own suit, since he too is only an exclusive licensee. The benefit of the monopoly had passed to the Utilities Company for ten years, and upon that fact being made to appear, an infringer may object because of the possibility that the decree will not protect him. Now it is quite true that under the doctrine we have mentioned, Greer is to be regarded as a true party plaintiff, and if the Utilities Company is not an assignee, but only a licensee, it might be argued that the defendant would be protected, since the owner of the title would be estopped. The Utilities Company could not itself sue without joining Greer as a trustee, and his title would be met by the bar of the decree here. But such a use of Greer's name would be a fraud upon the Utilities Company, for its license was earlier in time, and Deitel had express notice of it. No court will permit the legal title to be so used in fraud of the proper beneficial owner who not only is not before it, but who alone has the right to promote the suit. The first license was a good bar.

It clearly covered the whole invention. It is true that it described the subject of the grant as "letters patent * * * for book form savings banks," but that is just how the specifications and claims themselves described it. The license was to make, sell and use "the said invention," and it is of no moment if the parties then supposed it to be confined to book-form savings banks, and that Greer later conceived correctly that it had a wider scope. Whatever scope it had, he gave a license for the whole of it. Deitel, who took his own license for its use in vanity cases, got nothing until August 1, 1933; not even the right to make such cases himself.

**Decree affirmed.**