**COOKSON v. LOUIS MARX & CO. et al.**

District Court, S. D. New York.

Jan. 21, 1938.

616

Lorenz & Lorenz, of New York City (Joseph Lorenz and Raymond J. McElhannon, both of New York City, of counsel), for plaintiff.

James & Franklin, of New York City (Maxwell James, of New York City, of counsel), for defendants.

PATTERSON, District Judge.

The suit is for infringement of patent to Appell, 1,272,353, issued July 16, 1918, for a toy pistol, and also for infringement of patent to Daspit, 1,863,438, issued June 14, 1932, for a toy gun.[1] The case has several unusual features. In the original bill the plaintiff complained of infringement of the Daspit patent only. The defendant, having obtained what purported to be an assignment of the Appell patent from the patentee when suit on the Daspit patent was threatened, counterclaimed for infringement of the Appell patent. In the counterclaim it was averred under oath that the Appell patent was valid, that the defendant was selling toys containing the invention embodied in the patent, and that the plaintiff was an infringer. The defendant's counterclaim was filed in July 1934, prior to expiration of the Appell patent.

The fact was, however, that Appell, a resident of Illinois, had been adjudicated a spendthrift and a conservator had been appointed for him by an Illinois court years before he made the assignment to the defendant, and the conservatorship was still in force. The plaintiff, having discovered Appell's disability, proceeded to purchase the Appell patent from the conservator and obtained an instrument of assignment from him. This happened in October,

[1] At the trial no proof was offered tending to show infringement on the part of the defendant Louis Marx. As to him the suit must be dismissed, whatever the merits between the plaintiff and the defendant Louis Marx & Company. See Claude Neon Lights, Inc., v. American Neon Light Corporation, 2 Cir., 39 F. 2d 548. In speaking of the defendant in this opinion, the defendant Louis Marx & Company is referred to.

1934, prior to the expiration of the patent. The plaintiff in April, 1937 filed a supplemental bill on the Appell patent, alleging ownership, validity and infringement. The defendant then recast its pleading. It withdrew the original answer and counterclaim and filed an answer to the bill and supplemental bill, denying validity and infringement as to each of the two patents, and disputing also the plaintiff's title to the Appell patent. The counterclaim based on the Appell patent was dropped.

 First, the Appell patent. Although the defendant does not raise it, there is a question of equitable jurisdiction. The supplemental bill, wherein the plaintiff for the first time sought relief as to the Appell patent, was filed after expiration of that patent. The plaintiff accordingly did not pray for an injunction but merely for an accounting of profits. The rule in Root v. Lake Shore Railway Co., 105 U.S. 189, 26 L.Ed. 975, to the effect that a suit in equity for a naked account of profits cannot be maintained after expiration of a patent, would ordinarily require the dismissal of the supplemental bill on jurisdictional grounds or the transfer of the suit on the Appell patent to the law side of the court. But the supplemental bill contains allegations to the effect that the plaintiff had not made, used or sold any device under the patent for the six years preceding, had obtained no financial advantage from the invention and had sustained no actual damage from the use of the invention by others. It was held by the Circuit Court of Appeals of this circuit in Tompkins v. St. Regis Paper Co., 236 F. 221, that a bill for patent infringement filed after expiration of patent, demanding only an accounting for profits, might be maintained on the equity side where the bill set forth that no actual damage had been suffered from infringement; indeed, the allegations in the present case seem to have been taken bodily from the opinion in that case. The Tompkins Case, while discussed without enthusiasm by Judge Hough in Le Roy v. De Vry Corporation, 2 Cir., 16 F.2d 18, 20, has never been overruled or retracted, and it is binding on this court. It follows that the supplemental bill for infringement of the Appell patent states a case cognizable in equity.

 The plaintiff's title to the Appell patent is disputed by the defendant. The patent act provides that patents are assignable in law by instrument in writing.

35 U.S.C.A. § 47; Revised Statutes, § 4898. This does not mean that the patentee must in every case execute the assignment by his own hand. On creditor's bill a court of equity may appoint a trustee to make an assignment of a debtor's patent right in case the debtor himself does not make the required assignment, and an assignment executed by the trustee will pass title to a purchaser. Ager v. Murray, 105 U.S. 126, 26 L.Ed. 942; Wilson v. Martin-Wilson Fire Alarm Co., 151 Mass. 515, 24 N.E. 784, 8 L.R.A. 309. There can be no doubt that legal capacity to make an assignment of patent and the aids to incapacity are matters which Congress might have regulated but which it chose to leave to the law of the state of the assignor's domicile, Illinois in this case. See Waterman v. Mackenzie, 138 U.S. 252, 11 S.Ct. 334, 34 L.Ed. 923; Fetter v. Newhall, C.C.N.Y., 17 F. 841. By law of Illinois a person who is legally declared to be a spendthrift has no capacity to transfer his property. The conservator of such a person has authority to transfer personal property without specific order of the court. Illinois Revised Statutes, 1937, ch. 86; Schmidt v. Shaver, 196 Ill. 108, 63 N.E. 655, 89 Am.St.Rep. 250; Hempstead v. Broad, 275 Ill. 358, 114 N.E. 120. The defendant therefore took nothing by the assignment made by the patentee, an adjudicated spendthrift; on the other hand, the assignment made by the conservator conveyed the patentee's title to the plaintiff.

 On the issues of validity and infringement of the Appell patent, the plaintiff submits that the defendant is bound by the allegations in its counterclaim. The defendant, in the mistaken belief that the patent belonged to it, did allege in the counterclaim that the patent was valid and that the defendant was using the patent. If it is held to these allegations the plaintiff's case is proved. But the allegations have only the force of admissions, withdrawn when the counterclaim itself was withdrawn prior to the trial. The plaintiff was not misled to his injury by these representations. The defendant is not estopped to deny validity and infringement. See De La Vergne Machine Co. v. Featherstone, C.C.Ill., 49 F. 916. Those issues are open for decision on the merits.

 The Appell patent is for a toy pistol which will produce a clatter like the firing of an automatic pistol while the trigger is kept under pressure of the finger. The toy is actuated by a spring motor of

the type frequently found in toys; a toothed wheel is adapted to be driven by the spring; a hammer is in position to be vibrated against a diaphragm by the teeth of the wheel or of another wheel meshed to it; the movable parts are held in inoperative position by the top of the trigger, but respond to the spring when the trigger is pressed. While the structure is simple and utilizes only a few well-known elements, there is nothing in the record to indicate that the concept of such a toy was not original with Appell. Certainly the prior art brought forward by the defendant shows nothing like it. Pickl, 1,188,315, had a toy pistol that would produce a single report, but his pistol bore no resemblance to Appell's in structure or in result. Willett, 1,205,498, showed a toy pistol capable of emitting a short succession of reports. Willett's means were quite different; pressure on the trigger caused rotation of an arm-carrying member, and passage of the arms between a sprung hammer and a sounding plate produced the reports as the hammer snapped back into position. The Swiss patent to Alemann, 4,590, was for a musical mechanism within a toy revolver. It did show a spring motor for rotating the musical drum and a trigger action comparable to Appell's. The toy was primarily a Swiss music box, however, with sounding elements quite different and with a result utterly at variance from Appell's. Crane's smoke-producing toy cannon, 827,789, and Rotermund's toy rifle, 945,610, are even more remote. The Appell patent is not akin to any of the devices in the prior art. The defendant formerly thought that the Appell patent was valid, for it sought to purchase the patent and in its original answer it put itself on record that the patent was a good one. This is not conclusive proof of validity; it is nevertheless evidence in favor of the patent. I am of opinion that there was patentable invention and that the Appell patent is entitled to a fairly broad construction to protect the device disclosed by it.

The alleged infringing device is the defendant's "Play Boy" gun. It is a toy machine gun of the tripod type. The reports are produced by the same mechanism as in Appell—a spring motor rotates a spurred wheel, and the spurs move a hammer element back and forth against a sounding plate, the mechanism being braked by the trigger except when the trigger is pressed. The one feature of Appell that was not taken is the pistol-shaped frame. The defendant uses the frame of another firearm, a machine gun. Under the rule of equivalents this variance does not enable the defendant to escape infringement. If a patent for a book form savings bank may be infringed by a vanity case of similar construction, a patent for a toy automatic pistol may be infringed by a toy machine gun of similar construction where the sounds simulating rapid fire are produced by the same mechanism. Deitel v. La Minuette Trading Co., 2 Cir., 37 F.2d 41; Deitel v. Reich-Ash Corporation, 2 Cir., 57 F.2d 708. There was infringement of the Appell patent as to claims 1, 2, 4, and 8.

Second, the Daspit patent. This patent, issued in 1932, is for a toy machine gun which will produce a rapid succession of sound like machine gun fire. Daspit uses the same elements as Appell: a spring motor driving a toothed wheel, a hammer moved back and forth by the wheel, a sounding plate against which the hammer is struck to produce the sounds, and a trigger control mechanism. But while Appell describes this noise-producing mechanism in a toy pistol, Daspit takes it for any kind of a toy gun, his preferred embodiment being a machine gun of the rifle type. The first three claims of Daspit, claiming for a toy gun with this mechanism, are directly anticipated by Appell. Daspit's fourth claim is narrower, being limited to a toy machine gun. As to the fourth claim, I am of opinion that it did not amount to patentable invention to drop Appell's pistol-shaped frame and put the same mechanism into a rifle-shaped frame. This is all that Daspit did. The Daspit patent is void for want of invention.

The plaintiff will have a decree against the defendant Louis Marx & Company on the bill for infringement of the Appell patent, with an accounting for profits. The supplemental bill for infringement of the Daspit patent will be dismissed.