### GORDON v. EASY WASHING MACH. CORPORATION.

District Court, N. D. New York.

Aug. 13, 1940.

Bodell & Thompson, of Syracuse, N. Y. (Banning & Banning, of Chicago, Ill., of counsel), for plaintiff.

Theodore E. Simonton, of Syracuse, N. Y., for defendant.

BRYANT, District Judge.

This case is the successor to litigation begun by plaintiff against one of the customers of defendant, charging infringement of the same claims of the two Gordon patents, which are here involved. Defendant defended in the prior suit and now admits that it is bound by the decree of validity and infringement therein rendered. However, it asserts that, prior to the commencement of this action, it ceased infringing the so-called first Gordon patent and has not manufactured ironing machines embodying the precise construction held to infringe the second Gordon patent. In a bill of particulars, filed in this case, plaintiff asserts that defendant has continued, in its present models, to infringe the so-called second Gordon patent, but it does not assert continued infringement of the first Gordon patent. Defendant by its answer, in addition to admissions above stated, admits infringement. It also alleges that by reason of its alleged cessation of infringement, as above stated, plaintiff is without recourse in equity and has a full, adequate and complete remedy at law.

There are now four matters before the court:

(1) An application by plaintiff for permission to amend his complaint. The apparent purpose of the amendment is to make the cause of action, based upon the so-called first Gordon patent, cognizable in equity under the authority of Tompkins v. St. Regis Paper Co., 2 Cir., 236 F. 221. Permission is hereby granted. Plaintiff

may amend by adding the submitted amendment to the end of paragraph 5 of his complaint.

 (2) Defendant asks to amend its answer by adding a paragraph in answer to plaintiff's proposed amendment. Of course defendant has a right to answer an amended complaint. It should not be in the form of the paragraph proposed. The proposed paragraph contains allegations of evidence and. arguments which have no place in a pleading.

(3, 4) Plaintiff has moved to strike from the answer the following portion of paragraph 12: "There is no equity justifying plaintiff's demand for an injunction or an accounting of profits; and that plaintiff has a full, complete and adequate remedy at law for the past infringements committed by defendant." He has also moved for judgment on the pleadings insofar as it affects the so-called first Gordon patent, that is, under the patent, he asks for an injunction and accounting.

It is apparent that these two motions are filed for the purpose of preliminarily determining whether this suit shall proceed according to the practice in equity or be divided and a part tried in equity and a part at law.

Defendant contends that because of. the admissions of cessation of infringement of the first Gordon patent, plaintiff is not entitled to an injunction and that an accounting for infringement cannot be had in equity but must be determined in a court of law. Plaintiff maintains that this court, having once acquired jurisdiction in equity, should proceed to a complete determination of all the issues even though some of them, if standing alone, might not be the subject of equitable jurisdiction. He also contends that a mere cessation of infringement by the defendant is not a denial of plaintiff's right to an injunction prohibiting a resumption of the infringement and, also, that regardless of the right to an injunction he, under the pleadings, is entitled to an accounting in equity.

I hold with the plaintiff on the question of equity jurisdiction. The question of continuing infringement under the second Gordon patent is at issue and is clearly cognizable in equity. Courts frown upon division of suits if all issues can be settled and justice administered in the suit pending. Moreover, cessation of infringement does not necessarily deprive plaintiff of a right to injunction. Steinfur Patents Corp. v. Wm. Beyer, Inc., 2 Cir., 62 F.2d 238; General Electric Company v. New England Electric Manufacturing Co., 2 Cir., 128 F. 738; Brookfield v. Elmer Glassworks, C.C., 132 F. 312. Furthermore, the complaint, as amended, alleges that even though plaintiff is not entitled to an injunction, he is entitled to an equitable accounting by reason of the fact that the remedy at law is difficult, inadequate and incomplete. Root v. Lake Shore & M. S. R. Co., 105 U.S. 189, 26 L.Ed. 975; Tompkins v. St. Regis Paper Co. supra; Cookson v. Louis Marx & Co., D.C., 23 F.Supp. 615. I cannot follow defendant's attempted distinguishment of the Tompkins case. I have not found where this decision has been overruled, retracted or modified. It is binding on this court.

The motion to strike is granted.

The motion for injunction and for reference to take an accounting is denied. Plaintiff will not suffer by the denial. All issues should be decided together.

An order may be presented.